McCarthy v. Nash.

JEREMIAH McCARTHY

*vs.*

PATRICK NASH.

Evidence that persons hold themselves out as partners in the transaction of their business, is *prima facie* evidence that the persons so holding themselves out are partners.

The delivery requisite to take a verbal agreement for the sale of goods out of the statute of frauds, may be subsequent to such agreement.

This action was commenced in the Court of Common Pleas, Ramsey county. The material allegations of the complaint are substantially as follows : That before and until the 20th day of September, 1866, the plaintiff and one M. T. Murphy were partners in the grocery business, under the firm name of J. C. McCarthy & Co. ; that on that day the plaintiff and defendant made an agreement in writing, by which, for the consideration of $1200, and an undertaking by the defendant " to pay and discharge all the debts and liabilities of the said firm of J. C. McCarthy & Co., and to indemnify and save harmless the said J. C. McCarthy from all loss and damage, or expense, on account of any debt or liability now owing or existing against said firm of J. C. McCarthy & Co.," the plaintiff sold to the defendant his interest in the stock of goods, moneys, property and debts due to said J. C. McCarthy & Co., with the right to collect, &c. ; that about the 11th of September, 1866, a certain firm, composed of Charles H. Schwab, Edward Mc-Quaid, and John B. Smith, then at Chicago, styled Schwab,

McQuaid & Smith, sold and delivered to J. C. McCarthy & Co. goods of the value and agreed price of $1,386.20; that on said 20th day of September, McCarthy and Murphy dissolved partnership, McCarthy retiring; and the defendant then formed a partnership with said Murphy, under the firm name of Nash & Murphy, the new firm taking possession of the store, stock, &c.; that said Schwab, McQuaid & Smith demanded of Nash & Murphy, and of defendant, payment for the goods so sold by them, which was denied; that they then commenced suit against J. C. McCarthy & Co. to recover said sum of $1,386.20, and recovered judgment for $1,542.66, damages and costs; that execution issued and the plaintiff paid the same, Dec. 4th, 1867. He demands judgment for the amount so paid, and $50 attorney's fees in the action.

The defendant answered, setting out *haec verba* the agreement, the substance of which is as above, denying any knowledge of the firm of Schwab, McQuaid & Smith, or who composed the same, and also of their claim against J. C. McCarthy & Co., and denied that such claim formed any part of the indebtedness contemplated by the agreement between plaintiff and defendant. The cause was tried before a jury, who found a verdict for the plaintiff in the sum of $1495.14. The defendant made a motion for a new trial which was denied, and he appeals from the order denying the same to this Court. The evidence, the rulings of the Court on the trial, its charge to the jury, and the exceptions taken by the defendant sufficiently appear in the opinion of the Court.

BRISBIN & PALMER for Appellant.

LAMPREYS for Respondent.

McCarthy v. Nash.

*By the Court*—Berry, J.—To maintain this action it was sufficient for the plaintiff, under the issues made by the pleadings, to prove that the firm of J. C. McCarthy & Co. were liable to Schwab, McQuaid & Smith for the bill of goods alleged to have been purchased of the latter by the former, and that the plaintiff had been compelled to pay for and had paid for the same. There was testimony tending to show that there was a firm styled Schwab, McQuaid & Smith; that it was composed of Charles H. Schwab, Edward McQuaid, and John B. Smith, as alleged in the complaint (if this be important); that said firm sold the bill of goods aforesaid to J. C. McCarthy & Co.; that the goods ordered were all delivered; that a portion of them were delivered to and received by J. C. McCarthy & Co. before the plaintiff sold his interest to the defendant, and that the balance was delivered to Nash & Murphy, the successors of J. C. McCarthy & Co.; Nash being the defendant, and Murphy the former partner of the plaintiff. The testimony also tended to show that Schwab, McQuaid & Smith had brought suit against J. C. McCarthy & Co. for the bill of goods aforesaid; had recovered judgment and issued execution, and that the plaintiff had paid the judgment. The Court instructed the jury that if they "found that Schwab, McQuaid & Smith held themselves out as a copartnership firm, it would be sufficient for the purposes of this action to establish a copartnership." This instruction is to be considered with reference to the evidence in the case, and it appears from the return, which contains all the testimony, that no evidence was offered tending to show that Schwab, McQuaid & Smith were not partners; while there was evidence tending to show that they held themselves out as partners, and conducted business as partners. It follows, that if holding themselves out as partners under

such circumstances, was *prima facie* evidence of a partnership, the instruction was correct in this case. Admitting, for argument's sake, what is contended for by the plaintiff's counsel, that the plaintiff, as to the proof required to establish a partnership, stands in the same position as would Schwab, McQuaid & Smith, had they brought an action against the defendant, we are of opinion that the fact that they held themselves out as partners in the transaction of their business, would *prima facie* establish a partnership, even in that case. "The evidence which would prove a partnership against the partners in favor of other persons, is sufficient *prima facie* to prove it in actions between the partners alone, and also in actions in their favor against third persons." 2 *Gr. Ev.* § 477; *Stearns vs. Haven,* 14 *Vermont,* 540. Holding themselves out as partners in the transaction of business, makes persons liable as partners to third persons, and according to the rule laid down by Prof. Greenleaf, if holding themselves out as partners is evidence of partnership in an action *against,* it is *prima facie* evidence of partnership in an action *by* the persons so holding themselves out, and of course by any person occupying (as it is claimed the plaintiff does) their position. There was, therefore, no error in this instruction.

The defendant requested the Court to instruct the jury as follows:

"*Third.* If the jury find that the alleged sale by Schwab, McQuaid and Smith, and purchase by J. C. McCarthy & Co. was verbal, and that no money was paid at the time, and no delivery made, it was void, and no liability could arise therefrom.

*Fourth.* If there was no memorandum of the said sale subscribed by the party, no earnest money paid, and no delivery at the time of the transaction, alleged to have taken

McCarthy v. Nash.

place Sept. 11th 1866, a subsequent delivery of a portion of the goods, would not validate a contract void at its inception.

*Fifth.* Goods delivered on such a contract after Sept. 20th, 1866, would not create a liability of debt against J. C. McCarthy & Co., or J. C. McCarthy, within the purview of the written contract in evidence."

The Court refused to give these instructions and defendant excepted. That portion of the contract referred to which is important for the purpose of showing the bearing of these requests is in these words: "And the said Patrick Nash agrees ＊ ＊ ＊ to pay and discharge all the debts and liabilities of the said firm of J. C. McCarthy & Co., and to indemnify and save harmless the said J. C. McCarthy from all loss, costs, damage or expense, on account of any debt or liability now owing or existing against said firm of J. C. McCarthy & Co." The contract was dated, executed and delivered Sept. 20th, 1866. An important question presented by the requests above quoted, is whether the delivery required to take a verbal agreement for the sale of goods out of the statute of frauds may be subsequent to such agreement. We are of the opinion that the question must be answered in the affirmative. This is the view taken in *Marsh vs. Hyde*, 3 *Gray*, 331, where the question is fully considered upon principle and authority. The same view is taken in *McKnight v. Dunlap*, 1 *Selden*, 537, and in *Boutwell vs. O'Keefe*, 32 *Barb.*, 434; see also 3 *Parsons on Contracts*, 51. The cases cited proceed upon the ground, that the terms verbally agreed upon by the parties, are to be considered as a proposition for a contract, and when the delivery takes place "the act of the parties unites with their previous verbal understanding to create a full, complete and obligatory agreement." It is further to be observed, that

our statute, like that of New York, does not require the delivery to be made *at the time* when the verbal agreement is entered into, as a part payment is required to be made in case of part payment. *See Gen. St. p.* 334, *sec.* 7. The third and fourth requests were therefore properly refused. The delivery referred to in these requests might have been a delivery of the whole or a part of the bill of goods to McCarthy & Co. before the 20th day of September, when McCarthy sold out to the defendant, and in that case, under the views which we have expressed, there would have been a clear liability on the part of McCarthy & Co. to accept and pay for the whole bill. Strictly construed, the fifth request was also properly refused, because even if it were admitted that the delivery of the whole bill of goods *after* September 20th would not create such a liability as is covered by the agreement between the plaintiff and defendant, still if there had been a part delivery before the 20th of September, and the oral contract or proposition for the sale and purchase of the goods between Schwab, McQuaid & Smith and McCarthy & Co. was entire, then the delivery of the balance at some future time, would be necessary to create a liability *under such oral contract*, and its delivery and nothing else would create a liability of any kind, whether under the contract or upon a *quantum valebat* so far as such balance was concerned. In other words, the assumption in this request, that goods were delivered after Sept. 20th, does not exclude the delivery of some part of the bill before Sept. 20th, the date of the transfer by plaintiff to defendant. But if the words "goods delivered * * after Sept. 20th, 1866," are used as equivalent to the words, "the delivery after Sept. 20, 1866, of all the goods ordered," as the appellant's counsel appears to contend, then we are of opinion, that the instruction was not called for by the evi-

Trowbridge v. Forepaugh et al.

dence in the case. There is testimony tending to show, and fairly construed, satisfactorily showing, that a part of the goods ordered were delivered to J. C. McCarthy & Co. before the 20th of September, and there is no testimony whatever to the contrary. The instruction was therefore properly refused for irrelevancy. The same remark would be applicable to that portion of the charge of the Court relating to the same subject, though no point is made in regard to it by the appellant's counsel. There are one or two other points upon the appellant's brief, which he declined to urge upon the argument, and which we do not deem it necessary te consider.

The order denying a new trial is affirmed.