MARIE B. PLANKERS v. ARNOLD F. PLANKERS.[1]

June 21, 1929.

Nos. 27,318, 27,319.

[1]Reported in 225 N. W. 913.

*McMeekin, Quinn· & Swan,* for appellant.
*George H. Gerlich* and *F. A. Pike,* for respondent.

WILSON, C. J.

There are two appeals. Plaintiff appealed from an order canceling $1,200 accrued alimony and reducing the alimony from $100 per month to $50 per month. Plaintiff also appealed from an order discharging an order to show cause why defendant should not be held in contempt of court and punished accordingly.

Defendant is in default in paying alimony to the extent of $1,200. Under our statute the court has power to cancel accrued instalments of alimony. Hartigan v. Hartigan, 142 Minn. 274, 171 N. W. 925; Bensel v. Hall, 177 Minn. 178, 225 N. W. 104. We do not follow the "vested rights" theory.

While the cancelation of accrued alimony rests in the sound discretion of the trial court, it is a discretion that must be exercised cautiously and it must rest upon satisfactory evidence. In this case the evidence discloses a very unusual situation. Defendant has now been before the courts on several occasions in relation to his delinquency in meeting his alimony payments. Yet on the hearing in this case his records of income were unsatisfactory. To some extent they were of doubtful character. He has a duty to perform, and the least he can do is to keep an exact record so that there can be no doubt as to the extent of his ability. His various statements have not been consistent. Prior to the divorce defendant was able to provide liberally. He is a doctor. From September 1, 1927, to September 1, 1928, he reports a gross income of

$4,841. There also came into his hands during this period $1,300 which he claims to have borrowed from relatives. He met his necessary expenses in his profession. He paid his wife $250 to avoid going to jail. He also voluntarily paid her $25. His failure to pay her more is strong evidence that he did not wish to. It was said when this case was here before (175 Minn. 57, 59, 220 N. W. 414): "Defendant would have stood in a more favorable light had he shown a willingness to make any payments—even for a reduced amount. He did. not do so." If in truth he could not pay we would expect him promptly to apply to the court for relief. He did not do this. He seems numb to his obligation in this matter. Without discussing the evidence in detail, it is sufficient to say that in our judgment it was insufficient to support an order for cancelation of the accrued alimony collectible on execution and that there was an abuse of discretion in granting this relief.

As to a reduction of the alimony and as to the failure to hold defendant in contempt of court, the evidence was such as to show some change in defendant's financial situation. These questions are of such character that they must rest very largely in the discretion of the trial court, and we cannot upon the record say that there has been an abuse of that discretion.

The order canceling the $1,200 accrued alimony is reversed. In other respects both orders are affirmed.