NORA DAW v. CHARLES DAW.[1]

May 29, 1942.

No. 33,085.

508

*James M. McGuire,* for appellant.
*Michael B. Hurley,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff's divorce suit resulted in a decree for her. The court, after determining the value of defendant's property definitely owned, also found that he was a beneficiary under a will which recently had been offered for probate and that under its terms he would be likely to receive "$2,000, or more." The exact amount, however, of such interest was not then ascertainable, since the time for filing claims had not expired. As defendant's alimony liability to plaintiff largely depended upon the size of his interest in this estate, the court reserved "the right and jurisdiction to increase" plaintiff's "permanent alimony whenever it shall be made to appear that defendant has acquired" such additional property. The findings were made January 7, 1941, and the decree was entered March 13. It embodies the reservation of jurisdiction heretofore quoted. Under the terms of the decree, plaintiff was given an absolute divorce, awarded the custody of their three minor children, and was also awarded $800 as permanent alimony, being approximately one-third of defendant's then known property, but exclusive of his interests under the mentioned will. Accordingly, upon entry of judgment, defendant paid the $800 and certain expense moneys included in the judgment. On April 23, plaintiff

gave notice of motion "why an order should not be made awarding to plaintiff additional alimony * * * and restraining defendant * * * from disposing of his interest" in the estate. This was supported by an affidavit stating that the time for filing claims in the estate had "passed and there is in said estate real and personal property of such value" that defendant "will receive from said estate the sum of $3,000." Since defendant could not be found, his actual whereabouts being unknown to plaintiff and her counsel, the court directed service of the notice of motion and affidavit upon defendant by mail, and upon his counsel in like manner. In the order to show cause, defendant was "restrained from concealing himself and from disposing of any interest in the estate * * * during the pendency of these proceedings." Service was made as directed by the court. The order was returnable May 5. On April 28, defendant's attorney wrote plaintiff's counsel acknowledging receipt of the order to show cause and supporting affidavit but stating that he had not consulted with his client since the entry of judgment; that his attorney's fees had been paid and that he was no longer acting for him and as such not authorized to represent him. On May 9, the court awarded plaintiff an additional $1,000 as permanent alimony. Defendant was ordered to pay this amount "at or before the time when the representative of the estate * * * makes distribution or payment of such bequest in said estate," defendant, in the meantime, being restrained "from concealing himself and from disposing of any interest" in the estate "prior to the payment of the above mentioned alimony and expense money." On May 24, defendant wrote plaintiff's attorney as follows:

"Tacoma, Wash.
May 24, 1941.

"Mr. Hurley,
"Dear Sir—

"I received your letter all right. But I am not at all satisfied with the way you are handling it. You don't expect me to pay costs every little while, do you?

"My lawyer will handle the case for me. You can get in touch with Mr. McGuire.

> "Yours Truly,
> "Charles Daw,
> "624 N. C St."

On May 28, defendant's attorney, "appearing specially," served notice of motion "for an order setting aside, vacating and adjudging null and void" the court's order of May 9, "and adjudging that this court is without jurisdiction over said defendant or his property by reason thereof." That motion was denied July 7, 1941. Judgment in conformity with the order of May 9 was entered August 27, 1941. It is from this judgment that defendant appeals. In his appeal he also includes that part of the original decree wherein the court determined that it would retain jurisdiction of the case as to further alimony allowance. His claim is that, once the case has gone to judgment and defendant has met the terms of the decree by payment of the award therein required, the suit is ended; that if anything further is to be done a new proceeding must be initiated, requiring service of new process; and that, since defendant is no longer within the state, service of notice by mail is unavailing to give the court jurisdiction to proceeed further in the original suit.

That the court had complete jurisdiction of the parties and the subject matter of this suit is beyond controversy. So the first problem presented is whether the court, having acquired such jurisdiction, was authorized to reserve jurisdiction in respect to awarding further permanent alimony to plaintiff, depending only upon what the actual property was worth when it came into defendant's possession.

1. We think plaintiff is right in her contention that "this is not a case of acquiring jurisdiction where none existed, but one of exercising a jurisdiction that never was lost." The general rule is that "where the right subsequently to apply for alimony is preserved by reservation in the decree itself, an application for ali-

mony may be made after the rendition of the judgment of divorce." 17 Am. Jur., Divorce and Separation, § 630, and cases under note 6. To the same effect is 27 C. J. S., Divorce, b. "Reservation of Right to Modify," § 238, p. 984, and cases under notes. By Mason St. 1927, § 8603, the court is clearly given continued jurisdiction, since it may "from time to time, on petition of either of the parties, * * * revise and alter" its prior orders and decrees. And this is obviously the sensible way of handling divorce matters. The power of an equity court in such cases is not spasmodic or intermittent. It is broad and comprehensive, not only as to the property rights and remedies of the husband and wife, but even more so as to the custody, support, education, and right to visit the children. Here the court granted defendant such right of visitation "at reasonable times." For support, only $10 per week was provided by the decree. The court expressed the "hope that he will contribute" larger amounts "so that they shall not suffer for want of such things as are needed for their comfort and welfare." Changed conditions, our cases disclose, arise from time to time, making it necessary that modifications be made as new needs and necessities arise.

2. Since the court had and retained jurisdiction, we think the mode of service of the order to show cause cannot now be questioned, since both defendant and his attorney had ample notice. Defendant, "appearing specially," does not question the fact of actual notice having been received in due season. Under these circumstances, the following cases, cited by the trial judge in support of his exercise of jurisdiction, are helpful: Turner v. Even, 160 Minn. 238, 199 N. W. 751; Swanson v. Cross Lake Land Co. 192 Minn. 81, 255 N. W. 812; Van Aernam v. Winslow, 37 Minn. 514, 516, 35 N. W. 381; Hoff v. Northwestern Elev. Co. 120 Minn. 224, 226, 139 N. W. 153; In re Estate of Bridgham, 158 Minn. 467, 469, 197 N. W. 847; In re Estate of Devenney, 192 Minn. 265, 256 N. W. 104. As said in Van Aernam v. Winslow, 37 Minn. 514, 516, 35 N. W. 581: "When the paper actually comes to the hands of the person to be served within the time required

for personal service, it is immaterial where it is mailed; for then it is equivalent to personal service." (This statement, of course, is limited to cases where the court already has jurisdiction of the action and must not be interpreted as a statement of the law pertaining to jurisdiction to be acquired by process.) We hold that the court had and rightly retained jurisdiction of the parties and subject matter here involved. Since the amount of the award is not subject to challenge, nor challenged, we can see no reason for disturbing the court's order and the resulting "judgment for additional alimony."

3. Perhaps something should be said about the court's order declaring a lien upon defendant's property acquired under the will in order to safeguard the additional alimony award. Defendant cites and relies upon Longbotham v. Longbotham, 119 Minn. 139, 144, 137 N. W. 387, where we held that the right to a lien is statutory (Mason St. 1927, § 8602) and that in that case it was improperly imposed upon personal property. That case need not be limited to effectuate the purpose here sought, since the court has enjoined defendant from transferring his property acquired under the will. Under our cases and the authorities generally, violation of such an order may be treated as contempt of court and compliance with its provisions enforced by the coercive means of such a proceeding. Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517, is one of our latest cases on that subject. In that connection, 27 C. J. S., Divorce, § 259, and cases cited, and 17 Am. Jur., Divorce and Separation, § 666, and cases cited, uphold what has been said. Furthermore, under § 8602, if defendant's property acquired under the will is in the form of real estate, it appropriately may be subjected to a specific lien.

The case was rightly decided by the learned trial court, and its order and judgment are affirmed. Plaintiff will be allowed $100 attorney's fees in this court plus statutory costs and disbursements.

Affirmed.

MR. JUSTICE STONE, absent on account of illness, took no part in the consideration or decision of this case.