# RACHEL H. ATWOOD v. WILLIAM E. ATWOOD.

## 91 N. W. (2d) 728.

### July 18, 1958—No. 37,226.

*Butchart & Fredin,* for appellant.
*Donald O. Wright,* for respondent.

NELSON, JUSTICE.

The initial action in the proceedings here involved (Atwood v. Atwood, 229 Minn. 333, 39 N. W. [2d] 103) was commenced in the District Court of Hennepin County as an action for separate mainte-

nance, of which that court had original jurisdiction. Defendant appeared by way of a cross bill for absolute divorce. Plaintiff's claim that she was entitled to separate maintenance was dismissed prior to trial, and the trial was had solely on the issue of whether or not defendant was entitled to an absolute divorce. The trial court made findings denying defendant relief and placing custody of the two minor children with plaintiff, the decree being entered February 24, 1948. The decree further provided as follows:

"2. That plaintiff is a fit and proper person to have the permanent care and custody of the two minor children of the parties hereto, and is hereby given such care and custody, with the right on the part of defendant to visit said children at any and all reasonable times and places.

"3. That Five Hundred Dollars ($500.00) per month is a reasonable allowance as permanent alimony and support money for the plaintiff, and the two minor children of the parties to this action; and it is ordered that defendant pay to the plaintiff such amount monthly, until the further order of the Court, for such alimony and maintenance and support."

Paragraph 4 thereof was amended February 11, 1953, to read as follows:

"That in addition to the sum last mentioned, the defendant pay all reasonable medical and psychiatric attention and services and any special schooling that may be necessary for the welfare of his son Anthony, including the disbursements substantiated by receipts for necessary expenses incurred by plaintiff to travel from Duluth, Minnesota, to Chicago, Illinois, and return for herself and Anthony Atwood when necessary to take him to the Sonia Shankman Orthogenic School he is attending in Chicago, Illinois, or return him to Duluth, Minnesota, for Christmas and summer vacation periods, and in addition thereto the plaintiff shall have such expenses for not to exceed three other trips each year for the purpose of visiting her son Anthony Atwood while attending said Sonia Shankman Orthogenic School at Easter, Thanksgiving and on his birthday in accordance with the recommendation of Dr. Bettelheim of said Sonia Shankman Orthogenic School. That such special schooling expense shall also include the Christmas donation expected or required by said school."

The minor son Anthony, who it appears was substantially handicapped, had been placed and maintained in the Sonia Shankman Orthogenic School for handicapped children at Chicago.

It appears from plaintiff's affidavit filed December 12, 1956, in support of her motion to recover certain visitation expenses under amended paragraph 4 of the decree that she had not been paid for visitation trips in May 1955, in January 1956, and in May 1956, which visits all occurred while Anthony remained at the Chicago school. In June 1956, upon the advice of the physicians assigned to care for Anthony, plaintiff had to make a trip to establish said child at the Manumit School at Bristol, Pennsylvania. It further appears from her affidavit that she incurred travel and visitation expenses for another trip in August 1956 when she brought Anthony back to Duluth. It also appears that she cared for Anthony in Duluth for some period of time until he returned to the Manumit School, incurring expenses in connection therewith. Anthony was returned to the Manumit School in October 1956 without expense to plaintiff. Plaintiff states that she presented receipts as to the first unpaid items of expense to substantiate them, but defendant refused and neglected to pay and refused and neglected to return the receipts. She further states that she has no funds except as provided by the judgment and decree of the court and that she has been forced to borrow money to finance this supervision of Anthony.

Defendant has taken the position on this appeal that amended paragraph 4 does not apply after Anthony left the Chicago school and that it does not include the transfer and maintenance at the Manumit School, although the record is silent as to any dispute over making the change, which was upon the advice of Anthony's physicians. Garber v. Robitshek, 226 Minn. 398, 33 N. W. (2d) 30.

Plaintiff's notice of motion provided for a hearing thereon at a special term of the Hennepin County District Court on December 19, 1956. The hearing on the motion was continued to January 4, 1957, and there was no appearance by the defendant. The court found plaintiff entitled to $2,241.07 as expended pursuant to the terms of the divorce decree as amended, and judgment was entered for that amount. Thereafter the defendant engaged the services of a Minnesota attorney, Conrad M.

Fredin of Butchart and Fredin, to appear specially to move the court for an order vacating and setting aside said judgment on the sole ground that no service of process was ever made upon defendant and that such entry of a judgment is contrary to the rights of said defendant as set forth in U. S. Const. Amend. XIV and in Minn. Const. art. 1, § 7.

It appears that defendant has resided in the State of Arizona, remitting $500 monthly payments as permanent alimony and support money for the plaintiff and the two minor children of the parties by mail from Tucson. It also appears that since the decree he has not made himself available to personal service of process. Plaintiff's notice of motion herein was served upon his last-known attorneys of record in the proceedings herein, Messrs. Butchart and Fredin, 1401 Alworth Building, Duluth 2, Minnesota, by depositing the same in the mail on December 12, 1956. It was duly received at their office on December 13, 1956. In addition thereto plaintiff's attorney obtained a notice of continuance of the hearing from December 19, 1956, to January 4, 1957, which was deposited in the mails on December 28, 1956, addressed to the defendant c/o General Delivery, Tucson, Arizona, and to his last-known Arizona attorneys in said matter, Hall, Catlin & Molloy, 1013 Valley National Building, Tucson, Arizona.

Defendant's attorneys on this appeal had been engaged to represent the defendant in the aforesaid proceedings in September 1955 to resist a motion of the plaintiff for an additional modification of the divorce decree and to support a motion of the defendant for a modification of the divorce decree. Both motions were heard before the district court and relief was denied to both parties by an order dated February 23, 1956. Defendant's Minnesota attorneys in connection with those proceedings caused notice of such orders to be served upon those who were then engaged as attorneys for the plaintiff on March 23, 1956.

Attached to defendant's notice of motion in support of his special appearance is an affidavit of his attorney Mr. Fredin wherein it is stated that subsequent to March 23, 1956, affiant's engagement as attorney for defendant in the above-entitled proceedings was in all respects completed and terminated. Mr. Fredin also states that shortly after receiving the motion papers on December 13, 1956, he replied by mail to plaintiff's counsel declining to accept service on the ground that his

engagement as the attorney for the defendant had terminated and that therefore he was without authority to accept process, stating that he did so on that ground and on the further ground that defendant was not a resident of Minnesota but a resident of Arizona and was not amenable to process through service by mail in the manner attempted.

There has been no general appearance and no effort on the part of the defendant to reopen or to contest plaintiff's claim on the merits. It is stressed by the affidavit of Mr. Fredin on information and belief that no personal service of process within the State of Minnesota has been made upon the defendant; that no personal service of process has been made upon defendant outside of the State of Minnesota; that defendant is a resident of the State of Arizona; and that he has continuously resided there for several years. It is clear that the sole point made and stressed by the defendant is that there was a lack of personal service of process. It is to be noted in this connection, however, that Mr. Fredin during oral argument on this appeal before this court frankly and openly stated that he did, nevertheless, upon receipt of plaintiff's motion papers through the mails on December 13, 1956, on the same date deposit in the mails the aforesaid motion papers addressed to defendant personally c/o General Delivery, Tucson, Arizona, and to his Arizona attorneys at their address in the same city.

It is to be observed that defendant has not personally filed a supporting affidavit in connection with his special appearance; that no attempt has been made to show that he did not in fact receive notice of the contents of plaintiff's motion papers or in fact receive copies thereof in the mails, that he did not receive notice of the hearing on plaintiff's motion, that the notice was not reasonable, that his whereabouts were unknown, that he was in the military or other service of his country, or that he was for any other reason unable to appear by his former or present Minnesota attorneys, or to otherwise defend his interests with respect to the proceedings. Plankers v. Plankers, 178 Minn. 31, 225 N. W. 913. Not only was there no showing along these lines, but the objection to the motion has not been based on any such grounds. It must be assumed from the record that those are facts about which the defendant has chosen to keep silent. He has refrained from personally deposing in that regard as an affiant in support of his special

appearance wherein he only urges insufficient service.

■■■ We are concerned here with the service of a notice of motion in a divorce proceeding after rendition and entry of a decree therein containing provisions respecting alimony and support money, and the custody of minor children. The district court retained the same jurisdiction over the parties and the subject matter to which our statutes relate on the subjects of divorce, alimony, custody and support money for children that it had and exercised originally in said divorce proceeding prior to the making and the entry of the judgment and decree therein. See, Daw v. Daw, 212 Minn. 507, 4 N. W. (2d) 313.[1]

The following important question is here involved:

Where the district court, having original jurisdiction of the subject matter and the parties, has entered a judgment requiring the defendant father to pay certain sums from time to time for the support and welfare of his minor children, can the judgment be enforced when the defendant is continuously absent from the State of Minnesota and personal service of the enforcement proceedings cannot be had upon the defendant?

Proceedings to change or modify alimony and child-support orders are generally regarded as incidental to the suit in which the order or decree was originally entered and jurisdiction retained. Rule 5.01 of Rules of Civil Procedure provides for service and filing of pleadings and other papers and Rule 5.02 provides how the service may be made, stating at the conclusion thereof that "Service by mail is complete upon mailing." The aforesaid rules have superseded M. S. A. 1949, §§ 543.16,

---

[1]M. S. A. 518.17, relative to custody of children, provides:

"Upon adjudging the nullity of a marriage, or a divorce or separation, the court may make such further order as it deems just and proper concerning the care, custody, and maintenance of the minor children of the parties and may determine with which of the parents they, or any of them, shall remain, having due regard to the age and sex of such children."

See § 518.64 as it relates to revision, as to alimony, after decree; § 518.24 as to security, sequestration, contempt; § 518.55 entitled "Alimony or support money"; § 518.57 relating to minor children, maintenance, and the power of the court to make such further order as it deems just and proper concerning the maintenance and support of minor children as is provided by § 518.17.

543.17, and 543.18, which provided for service of notices and other papers and for service by mail, when and how made, and the effect thereof. It was stated in § 543.17 that that section should not apply to the service of a summons or any process, or of any paper to bring a party into contempt. It was held in Daw v. Daw, 212 Minn. 507, 4 N. W. (2d) 313, a divorce proceeding, that when a paper, directed by court already having jurisdiction of action to be served by mail, actually comes into the hands of person to be served within time required for personal service place of mailing thereof is immaterial. In the Daw case Mr. Justice Olson, speaking for this court, said (212 Minn. 511, 4 N. W. [2d] 315):

"Since the court had and retained jurisdiction, we think the mode of service of the order to show cause cannot now be questioned, since both defendant and his attorney had ample notice. *Defendant, 'appearing specially,' does not question the fact of actual notice having been received in due season.* Under these circumstances, the following cases, cited by the trial judge in support of his exercise of jurisdiction, are helpful: Turner v. Even, 160 Minn. 238, 199 N. W. 751; Swanson v. Cross Lake Land Co. 192 Minn. 81, 255 N. W. 812; Van Aernam v. Winslow, 37 Minn. 514, 516, 35 N. W. 381; Hoff v. Northwestern Elev. Co. 120 Minn. 224, 226, 139 N. W. 153; In re Estate of Bridgham, 158 Minn. 467, 469, 197 N. W. 847; In re Estate of Devenney, 192 Minn. 265, 256 N. W. 104. As said in Van Aernam v. Winslow, 37 Minn. 514, 516, 35 N. W. 381: *'When the paper actually comes to the hands of the person to be served within the time required for personal service, it is immaterial where it is mailed; for then it is equivalent to personal service.' (This statement, of course, is limited to cases where the court already has jurisdiction of the action and must not be interpreted as a statement of the law pertaining to jurisdiction to be acquired by process.)* We hold that the court had and rightly retained jurisdiction of the parties and subject matter here involved." (Italics supplied.)

In the Daw case the divorced husband appeared specially by his attorney after entry of court's order awarding former wife additional alimony. He did not question timely receipt of actual notice by mail of the wife's motion for order to show cause why such alimony should

not be awarded. This court held that the mode of service of such order could not be questioned by husband on appeal from judgment entered in conformity with order awarding additional alimony pursuant to reservation in divorce decree of jurisdiction to increase alimony. This court has held that service of notice by mail is complete when properly mailed. MacLean v. Reynolds, 175 Minn. 112, 220 N. W. 435.

We think it is clearly established by the decisions of this court, as well as by the great weight of authority, that an application for modification or enforcement of provisions of a divorce decree respecting divorce and custody of minor children is a supplementary proceeding, incidental to the original suit; it is not an independent proceeding or the commencement of a new action. The jurisdiction to order such modifications is a continuing one.

It is well established in this state that where the court has continuing jurisdiction service by mail, when the defendant is outside the state, is valid. The defendant in fact proceeds upon the theory on this appeal that the allowances made to the plaintiff pursuant to her notice of motion involves in reality an original proceeding of which notice must be given as required by statute in the commencement of divorce proceedings. With this we do not agree. Where a modification of an allowance as to alimony or support money is sought or an application is made to obtain payments under the divorce decree, it should be made in the original suit and not in an independent proceeding, and where the notice is not prescribed by statute, the notice need only be such as is reasonably calculated to give the opposing party knowledge of the proceeding and an opportunity to be heard. It has been declared to be the prevailing rule that courts will not concern themselves so much with the manner of giving notice as with its reasonableness under the circumstances of the particular case. It has also been held that where the rules provide for service on attorney of record of opposite party a husband cannot avoid liability by discharging his attorney and removing from the state. See, 2 Nelson, Divorce and Annulment (2 ed.) § 17.29; Kumlin v. Kumlin, 200 Minn. 26, 273 N. W. 253; Schley v. Dodge, 206 Ark. 1151, 178 S. W. (2d) 851; State ex rel. Groves v. District Court, 61 Nev. 269, 125 P. (2d) 723; 27 C. J. S., Divorce, § 279; 17 Am. Jur.,

Divorce and Separation, § 488.[2]

■ If, as stands admitted, plaintiff's motion papers were deposited in the mails directed to defendant as well as his attorneys at their Tucson, Arizona, address, it is presumed that they received such motion papers in due course, and there is nothing in the record to the contrary. The same presumption obtains as to mailing by plaintiff's attorney of the notice of continuance. It is also to be noted that 16 days had elapsed between the original hearing date and the date to which the hearing had been continued.

■ Defendant's special appearance has not been based upon the claim that he did not in fact receive notice by mail, service by mail, nor sufficient notice by mail; but that the service made was lacking in due process. In Ostrander v. Ostrander, 190 Minn. 547, 549, 252 N. W. 449, 450, this court said:

"We need not consider what the full faith and credit clause of the federal constitution (art. IV, § 1) does or does not require. But see Lynde v. Lynde, 181 U. S. 183, 21 S. Ct. 555, 45 L. ed. 810; Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. ed. 905, 28 L.R.A. (N.S.) 1068, 20 Ann. Cas. 1061; Yarborough v. Yarborough, 290 U. S. 202, 54 S. Ct. 181, 78 L. ed. 172. Because of the nature of defendant's obligation and its origin, the enforcement of his duty is as much in need of attention by sovereign power as though he had remained in South Dakota. Transplantation of the parties from one state to another has not reduced the obligation to the ordinary category of 'a debt of record.' (Contra, 3 Freeman, Judgments [5 ed.] § 1447.) Migration of the parties across a state line has wrought no change in the nature and basis of the obligation. Its purpose remains the payment of alimony needed for the support of a former wife and the child of herself and her debtor. To the ordinary mind, untroubled by legal nuances, the money due from defendant remains alimony wherever they or either may be. We prefer that nontechnical view which regards the substance of the

---

[2]It has been held in Reynolds v. Reynolds, 21 Cal. (2d) 580, 134 P. (2d) 251, that service of notice on attorney of record of husband was sufficient where the court had jurisdiction of his person in the original suit, notwithstanding he had discharged his attorney and removed from the state.

matter as unchanged by mere removal of the debtor across a state line." Also, see, Holton v. Holton, 153 Minn. 346, 190 N. W. 542.

Defendant states that, since the proceedings now before the court on appeal took place within a short period of time and since the matters procedurally are closely related, he therefore appeals from the judgment and the orders directly related to such judgment seeking thus to have the said orders set aside and the judgment vacated. The only appearance made by the defendant in the court below in the matter here involved is the special appearance upon motion to vacate judgment on the ground that no service of process was ever made upon him, which motion was denied. Neither the defendant nor his attorney appeared in or took part in any of the preceding appearances or hearings. However, under the circumstances disclosed by the record and the limited question to which this appeal is directed, we are not required to give consideration to any contention by defendant except the one that the lower court had no jurisdiction of the person of the defendant because he is now a non-resident of the State of Minnesota and that the statutory steps required for constructive service of process upon him had not been taken.

So far as the record discloses on this appeal, the defendant is in no position to question service of notice by mail of plaintiff's motion papers upon him. The district court had jurisdiction of the subject matter here involved since the divorce suit was originally brought and tried therein and the original decree and the amended paragraph No. 4 thereof sought to be enforced by the plaintiff was rendered by that court, and no other tribunal had jurisdiction to limit, modify, or enforce the decree of that court.

Where modification of the decree or enforcement of its provisions is considered a continuation of the original cause or incidental thereto because of jurisdiction retained, the general rule is that service of notice of motion papers may be had on the adverse party's last-named attorney of record. This is more especially the rule where the substance of the matter remains unchanged and the debtor has made himself a non-resident by removal across the state line. The defendant contends that the service upon his last-known attorneys of record was of no effect because there had in the meantime been a termination of authority.

It is to be noted that an execution was issued January 24, 1957, as the result of the judgment which plaintiff obtained, whereby the sheriff of Hennepin County purported to take into custody property of defendant under control of the Atwood Larson Company. Shortly thereafter notice thereof reached defendant in Arizona, and his attorneys made a special appearance in his behalf on motion to vacate the judgment. The affidavit filed in support of his motion is that of Mr. Fredin, one of his former Minnesota attorneys, bearing date January 30, 1957. No more than 6 days had intervened between the time of the levy of the execution and the preparation of the motion papers on defendant's special appearance.

We think it is the general rule that where a proceeding as here is considered a continuation of the original cause in a proceeding for divorce, the general rule is that service may be had on the adverse party's attorney of record within the state of the original cause unless such attorney has long ceased to represent the defendant. 27 C. J. S., Divorce, § 317c(2).

The aforesaid question was involved in State ex rel. Groves v. District Court, 61 Nev. 269, 278, 125 P. (2d) 723, 726, wherein the court said:

"Relator contends that, as a matter of law, Mr. Springmeyer's authority terminated with the entry of the divorce decree in June 1937, and that the service upon him of the notice of motion for modification was therefore of no effect. There appears to be some support for this position; see Scott v. Scott, 174 Iowa 740, 156 N. W. 834. But in our opinion it is not the correct rule, nor is it supported by the weight of authority. State ex rel. Shoemaker v. Hall, supra; DeVall v. DeVall, 57 Or. 128, 109 P. 755, 110 P. 705; United States v. Curry, 6 How. 106, 12 L. Ed. 363; State v. Superior Court, supra; McSherry v. McSherry, 113 Md. 395, 77 A. 653, 140 Am. St. Rep. 428; 5 Am. Jur., p. 283, n. 18.

"In the light of the foregoing authorities, and in the absence of any showing in the trial court that Mr. Springmeyer was not authorized to represent Mr. Groves at the time he was served with notice, this court is of the opinion that the lower court acquired jurisdiction to hear plaintiff's motion.

"When service of notice of motion to modify was served on Mr. Springmeyer, his name still appeared as attorney of record for the defendant in the divorce action. There is nothing in the record to show that he had retired or withdrawn as such attorney, that anyone else had been substituted, or that any notice of retirement, withdrawal or substitution had been given plaintiff. The affidavit filed in this court for the purpose of showing that the attorney of record in the divorce case was not representing defendant at the time the notice of motion was served, cannot be considered. Annotation, 99 A. L. R. 984."

In Turner v. Even, 160 Minn. 238, 241, 199 N. W. 751, 752, this court said:

"The appellant contends that jurisdiction of the person of defendant was not obtained by the service of the notice upon the attorney who represented him in the trial. The general rule is that the authority of the defeated party's attorney to represent him ends with the entry of judgment. Berthold v. Fox, 21 Minn. 51. However, while under section 4950, G. S. 1913, the authority of the attorney of the prevailing party continues for only two years after entry of judgment for the purposes of collection and satisfaction, yet in Phelps v. Heaton, 79 Minn. 476, 82 N. W. 990, it was held that notice to vacate a judgment in favor of a nonresident plaintiff may be served on his attorney of record, although more than two years have elapsed since the entry thereof. Judge Sanborn in Brown v. Arnold, 67 C. C. A. 125, 131 Fed. 723, states that there are many exceptions to the rule that the authority of the attorney to represent his client ceases with the entry of judgment. Freeman, Judgments, § 142, says that in proceedings after final judgment parties are entitled to notice, 'but such notice may generally be given to their attorneys, who, notwithstanding the entry of judgment, are regarded as still representing them for the purposes of receiving notices of motions.' " See, Daw v. Daw, *supra*.

Defendant "appearing specially" by his attorneys last of record does not question the fact of actual notice having been received through the mails nor assert that actual notice was not received by him in the mails in due season.

■ Defendant relies upon Berthold v. Fox, 21 Minn. 51, as holding that the authority of an attorney implied in his retainer to prosecute or defend an action ceases upon the entry of judgment against his client. It is our opinion that the rule laid down in the Berthold case is not controlling in the instant case. Based upon the particular facts and circumstances here involved the record will not support defendant's contention that service of mailed notice upon his attorneys last of record was not sufficient.

We have considered the authorities cited by the defendant, all of which are in the main directed toward support of his contention that plaintiff herein failed to meet the requirements of service of process on her husband as a nonresident defendant. This is not a case where hearings were conducted and judgment entered pursuant thereto without any form of service of notice calculated to give him notice of the proceedings. As the record stands, the contention that the hearings on the proceedings were conducted without actual notice to the defendant finds slight if any support in the record. The cases cited are distinguishable upon the facts and are not controlling in the situation at bar where the court retained jurisdiction and the plaintiff gave notice by mail as permitted and provided by our rules of civil procedure.

■ It is apparent that plaintiff proceeded under M. S. A. 518.64 and that thereunder the court was authorized to "make any order respecting these matters which it might have made in the original action, * * *." Sivertsen v. Sivertsen, 198 Minn. 207, 269 N. W. 413; Ostrander v. Ostrander, 190 Minn. 547, 252 N. W. 449. Therefore, as we view the record on this appeal the questions involved were such that they must rest very largely in the discretion of the trial court, and we cannot upon the record say that there has been an abuse of that discretion herein. Plankers v. Plankers, 178 Minn. 31, 225 N. W. 913. Defendant contends that in any event he was entitled to a notice either of plaintiff's petition for an order directing entry of the judgment or the court's order directing entry of judgment. In the early case of Piper v. Johnston, 12 Minn. 27 (60), this court laid down the rule that "In all actions, judgment may be entered on the verdict, report, or decision, without special application to the court, or notice to the opposite party." This

court has also held that the prevailing party may perfect judgment upon a verdict without notice to the opposite party and that judgment upon the report of a referee may be entered without notice. Whitaker v. McClung, 14 Minn. 131 (170); Leyde v. Martin, 16 Minn. 24 (38); Heinrich v. Englund, 34 Minn. 395, 26 N. W. 122; Ferch v. Hiller, 209 Minn. 124, 295 N. W. 504.

In view of the notice of the proceedings herein apparently given to the defendant by mailing, and not disputed, no special application to the court for entry of judgment was necessary nor was notice thereof to the opposite party. We reach the conclusion that the order of the trial court denying defendant's motion to vacate the judgment must be affirmed as must the closely related preceding orders of the trial court pursuant to which said judgment was entered.

Plaintiff is allowed attorney's fees herein in the sum of $150.

Affirmed.