BARBARA ZAINE v. JOSEPH J. ZAINE.
BARBARA J. SCHWARTZ v. JOHN G. SCHWARTZ.

120 N. W. (2d) 324.

March 8, 1963—No. 38,964.

106

*Johnson, Essling & Malone,* for relators.
*Schultz & Springer* and *Arnold E. Kempe,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Upon petition for a writ of mandamus, this court directed the District Court of Ramsey County and the Honorable Edward D. Mulally, judge thereof, to show cause why he should not assume jurisdiction in proceedings originally instituted in such court for the purpose of determining whether respondent, now Barbara Ross, may remove 3 minor children from the state's jurisdiction. One of the children is the natural child of respondent and relator Joseph J. Zaine, respondent's first husband, and two of them are the natural children of respondent and relator John G. Schwartz, respondent's second husband. Respondent has been awarded custody of the children but relators seek to prevent their removal from the state so as to deprive them of visitation rights accorded them by their separate divorce decrees, both made by the District Court of Ramsey County.

On July 7, 1962, respondent consummated her third marriage to one Robert D. Ross, in Iowa, and went to his residence in Michigan on July 8, 1962. Ross had been married three times previously. His latest divorce was decreed on June 29, 1962, in the District Court of Ramsey County. On July 12, 1962, respondent, having returned to St. Paul, moved the District Court of Ramsey County for an order amending the divorce decree involving relator Schwartz so as to permit her to take the two children of that marriage to live in Michigan with her present husband. Subsequently, in separate motions, relators moved to amend the decrees in their respective divorce actions so as to award

them custody of the children and enjoin respondent from taking them out of the state, on the ground that she was unfit and improper to have their custody by reason of her continued drunkenness, immorality, and child neglect.

At the hearing on these motions, respondent's counsel advised the court that respondent had removed the children from the state and that they were then residing in Michigan. The court thereupon ordered respondent to return the children to Minnesota and to keep them here to appear with them at a hearing on the motions described on September 17. Subsequently, respondent returned to Minnesota and appeared generally in such proceedings in various ways. In addition, her counsel moved to amend the Zaine decree also so as to permit her to remove all the children to Michigan. The various motions came on for hearing on December 7, 1962. At that time respondent's counsel, for the first time, objected to the jurisdiction of the court and submitted two affidavits to the effect that she was presently residing outside of the state and that the children were no longer domiciled therein.

The district court first made an order denying respondent's objections to its jurisdiction, and set the case for hearing on December 10, 1962. On that date, all parties appeared with witnesses and counsel ready for trial but were advised by the court that on the basis of the affidavits submitted by respondent it had come to the conclusion that it had no jurisdiction in the matter because the children had been taken from the state. In the return to these proceedings filed by the district court, the court set forth that—

"* * * at the time of the commencement of both of the Relator's Motions in the District Court of Ramsey County * * * the Respondent and the minor children of the parties were domiciliaries and residents of the State of Michigan and were not then physically within the State of Minnesota and the District Court of Ramsey County, Minnesota, was without jurisdiction to hear these motions.

"That the decisions of the Minnesota Supreme Court in State ex rel Larson vs. Larson, 190 Minn. 489, 252 N. W. 329, and

MacWhinney vs. MacWhinney, 248 Minn. 303, 79 N. W. 2d 683, appear to be controlling."

■ We are of the opinion that the trial court erred in concluding that it did not have jurisdiction to determine matters relating to the custody of the minor children of the parties. It appears well established that, in divorce proceedings involving the custody of minor children, the court having original jurisdiction has continuing jurisdiction to modify any determinations made therein with respect thereto. Minn. St. 518.18 provides:

"The court may afterward, from time to time, on the petition of either parent, revise and alter such order concerning the care, custody, and maintenance of the children, or any of them, and make such new order concerning them, as the circumstances of the parents and the benefit of the children shall require."

Irrespective of this statute, this court has held that in the exercise of their equitable powers the district courts have continuing authority to modify their decrees where minor children are involved in divorce proceedings. State of Illinois ex rel. Shannon v. Sterling, 248 Minn. 266, 80 N. W. (2d) 13; Atwood v. Atwood, 253 Minn. 185, 91 N. W. (2d) 728; Wicklem v. Wicklem, 229 Minn. 478, 40 N. W. (2d) 69; Mund v. Mund, 252 Minn. 442, 90 N. W. (2d) 309; Eisel v. Eisel, 261 Minn. 1, 110 N. W. (2d) 881. In Atwood v. Atwood, 253 Minn. 185, 193, 91 N. W. (2d) 728, 734, it was stated:

"We think it is clearly established by the decisions of this court, as well as by the weight of authority, that an application for modification or enforcement of provisions of a divorce decree respecting divorce and custody of minor children is a supplementary proceeding, incidental to the original suit; it is not an independent proceeding or the commencement of a new action. The jurisdiction to order such modifications is a continuing one."

■ It is respondent's contention, however, that by removing the children from the state after the Minnesota decrees were made, and in contravention of visitation rights accorded relators therein, she thereby terminated or suspended the jurisdiction of the Minnesota courts and

deprived them of further authority with respect to the custody or welfare of the children. This contention can be afforded little consideration here, particularly in the absence of any foreign decree in these proceedings. As stated in State ex rel. Jaroszewski v. Prestidge, 249 Minn. 80, 87, 81 N. W. (2d) 705, 709:

"* * * There has never been an award of custody of the child by any foreign state. The courts are nearly unanimous in holding that, where there is no outstanding judicial award of custody by a foreign court, the court has power to make an award of custody of children present in the state in furtherance of the welfare of the children even though the children may be domiciled without the state. Annotation, 4 A. L. R. (2d) 16."

■ And even where a foreign decree is involved, if the Minnesota domicile of the child has been with the acquiescence of both parties; or if the foreign court's jurisdiction was obtained as a result of a party's intentional violation of the Minnesota decree, the Minnesota courts may assume jurisdiction in matters involving custody claims of the parties.

Thus, in State ex rel. Larson v. Larson, 190 Minn. 489, 252 N. W. 329, which involved an Iowa divorce decree, we held that the district court of Minnesota had jurisdiction with respect to a child domiciled here with her mother after the latter had taken the child here from Iowa with the *acquiescence* of the father, each parent having been given custody for alternating 6-month periods in the Iowa decree. In MacWhinney v. MacWhinney, 248 Minn. 303, 79 N. W. (2d) 683, we refused to accredit the order of a California court with respect to custody of a child because the order was obtained by the mother while acting in *violation* of a Minnesota divorce decree. There we stated (248 Minn. 308, 79 N. W. [2d] 687):

"We also have a special circumstance militating against a change of custody, namely, the mother's wilful violation of the court's final decree. In her testimony she frankly admitted that in 1954, when she exercised the privilege of taking the child from this jurisdiction to her California home, she had no intention whatever of returning the child if she could find any legal means to prevent it. Her conception of proper

legal means was to circumvent and defeat the orders of the Minnesota court, which had jurisdiction of the child's status, by resorting to the court of another jurisdiction. Under the circumstances, the trial court could reasonably conclude that she was unworthy of her responsibility which goes with an award of a child's custody. It goes without saying that, in determining or limiting the custodial or visitation rights relating to a minor child, the court may properly take into consideration a parent's wilful violation of its decrees."

Based upon all the foregoing principles, we hold that the domicile of the children in Minnesota pursuant to court order; respondent's attempt to remove them therefrom over relators' objections and with intent to nullify their visitation rights as fixed by the Minnesota decrees; her repeated appearances in the present proceedings; and the continuing jurisdiction acquired by the Minnesota courts as a result of the original proceedings, all sustain the present jurisdiction of the District Court of Ramsey County to hear the motions above described. It would follow that it erred in concluding otherwise.

Let a peremptory writ of mandamus issue.