Lucy BJORDAHL, Appellant,

v.

Jerome Anthony BJORDAHL, Respondent.

No. 51486.

Supreme Court of Minnesota.

Aug. 7, 1981.

Knutson & Kludt and Kenneth J. Kludt, Moorhead, Daniel P. Price, Tucson, Ariz., for appellant.

Pitsenbarger & Miller, Patrick B. Kenney and Keith L. Miller, Moorhead, Burton & McMahon and Osmund Burton, Jr., Scottsdale, Ariz., for respondent.

SIMONETT, Justice.

Appellant Lucy Bjordahl seeks enforcement of a 1971 Minnesota divorce judgment. The trial court dismissed the action, holding there was no personal jurisdiction over the nonresident defendant. We reverse.

Lucy and Jerome Bjordahl were married in Moorhead, Minnesota, on June 15, 1957, and divorced 14 years later on January 28, 1971. The divorce was a stipulated judgment under which Mr. Bjordahl agreed to maintain several insurance policies for both Lucy Bjordahl and the two children, ages 11 and 12. He also agreed to purchase a 1971 model car for Mrs. Bjordahl's use not later than July 1, 1971. He agreed to pay

monthly alimony to Mrs. Bjordahl and monthly child support for each child until each reached age 21. He further was to continue making monthly payments on the house, Mrs. Bjordahl taking possession.

Two years after they were married, Mr. and Mrs. Bjordahl moved to Bismarck, North Dakota. They did not, however, sell their Minnesota home. In May 1962 the Bjordahls next moved to Billings, Montana. In 1968, Mrs. Bjordahl left and moved back into the Minnesota home, where she has since remained. The next year, in December 1969, Mr. Bjordahl moved from Billings to Spokane, Washington. The 1971 stipulated divorce was entered into while Mr. Bjordahl was residing in Spokane. He later moved to Arizona in 1975, and has since remarried. He has not owned any property or transacted any business in Minnesota since the 1971 divorce. He has not resided in the state for 22 years, since 1959.

On March 10, 1980, after both children had reached age 21, Lucy Bjordahl brought the suit now before the court. She claims the car was delivered to her in a used condition and 5 years late; the insurance policies have lapsed; and alimony and child support totaling $17,175 remains unpaid. As a result, she also claims emotional distress and punitive damages.

The trial court dismissed the lawsuit by an order dated May 21, 1980, stating personal jurisdiction was lacking over the defendant, Jerome Bjordahl. The court concluded there was no continuing jurisdiction over the defendant from the original 1971 divorce judgment; nor were the minimum requirements met to secure jurisdiction under the Minnesota long-arm statute, Minn. Stat. § 543.19 (1980). Mrs. Bjordahl appeals, claiming continuing jurisdiction or, in the alternative, jurisdiction under the long-arm statute. Mr. Bjordahl argues neither standard is met and, even if satisfied, he claims such jurisdiction would offend contemporary constitutional standards of due process.

 1. First, we find continuing jurisdiction in this case and, therefore, reverse the trial court's ruling. Respondent argues

that enforcement of a divorce judgment is a new and independent action, requiring independent jurisdictional contacts. He cites a North Dakota case for this proposition, *Zent v. Zent*, 281 N.W.2d 41 (N.D.1979). But we held to the contrary in *Atwood v. Atwood*, 253 Minn. 185, 91 N.W.2d 728 (1958), and see no reason to overrule that decision now. In *Atwood*, we said:

[A]n application for modification or enforcement of provisions of a divorce decree respecting divorce and custody of minor children is a supplementary proceeding, incidental to the original suit; it is not an independent proceeding or the commencement of a new action. The jurisdiction to order such modifications is a continuing one.

253 Minn. at 193, 91 N.W.2d at 734. Though *Atwood* and cases following, *Cummiskey v. Cummiskey*, 259 Minn. 427, 107 N.W.2d 864 (1961), and *Zaine v. Zaine*, 265 Minn. 105, 120 N.W.2d 324 (1963), dealt with minor-age children, this is not to suggest that continuing jurisdiction is cut off when, as here, the children have reached the age of majority. A divorce decree, by its nature, sets up continuing obligations; an effort to collect arrearages should not be barred jurisdictionally simply because the children are of age. The fact that future support payments are no longer required by the decree makes the obligation to pay the past-due support no less continuing.

The respondent husband next argues that at least Mrs. Bjordahl's claim for emotional distress is independent and thus continuing jurisdiction cannot attach for it. We do not reach this issue since we hold that, as alleged in the complaint, Mrs. Bjordahl's claim for emotional distress fails to allege elements of a cause of action recognized in this state. *Stadler v. Cross*, 295 N.W.2d 552 (Minn.1980); *Haagenson v. National Farmers Union Property and Casualty Co.*, 277 N.W.2d 648 (Minn.1979); *Okrina v. Midwestern Corp.*, 282 Minn. 400, 165 N.W.2d 259 (1969).

Having decided continuing jurisdiction exists, we need not decide whether long-arm jurisdiction is also present, although

we note, in passing, that our decision in *State ex rel. Nelson v. Nelson*, 298 Minn. 438, 216 N.W.2d 140 (1974), would seem to permit us to consider nonsupport "an act outside the state causing injury or damage inside the state." Minn.Stat. § 543.19, subd. 1(d) (1980), 298 Minn. at 441–42, 216 N.W.2d at 143. This argument was not presented below by the parties and so understandably was not considered by the trial court.

2. Having found continuing jurisdiction to exist in this case, we next conclude that the minimum standards of due process are satisfied. A marital and child support agreement is unique. It is a special kind of decision which, by its own terms, creates ongoing obligations. This is why continuing jurisdiction inheres in divorce judgments and why minimum contacts requirements are satisfied. The nature and quality of such contacts are dispositive, meeting the standards set forth in our prior cases. *Marquette National Bank of Minneapolis v. Norris*, 270 N.W.2d 290, 295 (Minn.1978); *Mid-Continent Freight Lines, Inc., v. Highway Trailer Indus., Inc.*, 291 Minn. 251, 255, 190 N.W.2d 670, 673 (1971).

Unlike those recent cases where jurisdiction was declared lacking by the United States Supreme Court, *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), and *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), here Minnesota was the state of original marital domicile. The parties chose to resolve their marital dispute in the Minnesota courts and thus defendant " 'purposefully availed himself of the privilege of conducting activities within the forum state * * *,' " *Kulko*, 436 U.S. at 94–95, 98 S.Ct. at 1698. It was entirely foreseeable that breach of the Minnesota agreement could lead to "being haled into [a Minnesota] court * * *." *World-wide Volkswagen Corp.*, 444 U.S. at 297, 100 S.Ct. at 567. Finally, such an approach does not arbitrarily subject the defendant to being sued in any other state—only in Minnesota, the state of original marital domicile, the state with the sole divorce judgment against this defendant.

 It is true that the defendant has not been a resident or transacted business in the state for 22 years, but for the past 10 years, since the divorce decree, the obligations of that judgment have attached, and they are continuing contacts with this state sufficient to satisfy due process.

The order of the trial court dismissing the action for lack of personal jurisdiction is reversed.

Reversed and remanded.