WINDOW ROCK DISTRICT COURT

April 13, 1982

No.  WR-CV-616-81
WR-CV-456-79

OPINION AND ORDER

SUSAN LYNCH, Plaintiff, v.

WILLIAM LYNCH, JR., Defendant.

Honorable Tom Tso, Judge presiding.

The above-entitled matter came before this court on March 11, 1982 for a hearing on defendant's motion for a change of venue. The court in reviewing the parties' motion, Memorandum of Points and Authorities and also considering the oral argument presented finds as follows:

## BACKGROUND

1.  Plaintiff is a non-Indian residing in Gallup, New Mexico, and defendant is an enrolled member of the Navajo Tribe presently residing in Fruitland, Navajo Nation (New Mexico).

2.  Originally the parties were residents of Gallup, New Mexico and they were granted a Decree of Dissolution of Marriage by the Honorable Louis E. Depauli, Judge, District Court, County of McKinley, State of New Mexico, on or about May 16, 1967.

3.  In the divorce decree dated May 16, 1977, plaintiff was awarded the care, custody and control of the parties' two minor children and defendant was ordered to pay child support in the amount of Two Hundred Forty ($240.00) Dollars per month until such time the children reach the ages of eighteen (18) years, are emancipated or are no longer dependent, or until further order of the court.

4.  Pursuant to said decree defendant was also ordered to establish a savings account for the benefit of the two minor children and to deposit the sum of $41.00 per month into said account to be apportioned one-half to each of the minor child.

5.  Subsequent to May 16, 1977, defendant failed to comply with the child support provisions of the Divorce Decree and plaintiff filed a complaint in the Window Rock District Court on December 31, 1977 in the amount of $4,056.25. Defendant was ordered to continue paying child support in the amount of $280.00 per month.

6.  Again defendant is alleged to have failed to comply with the order of December 31, 1979 and plaintiff filed a petition for an Order to Show Cause in the Window Rock District Court on October 22, 1981.

7.  On November 3, 1981, this court issued an Order to Show Cause directing defendant to appear before the court on December 4, 1981 to show cause why he should not be held in contempt of court for

failure to obey a valid court order, and defendant was served with the Show Cause Order on November 20, 1982.

8. On December 01, 1981 (three days before the hearing on the Order to Show Cause) defendant pro se moved the court for continuance and for a change of venue.

9. On December 2, 1981, the Honorable Henry Whitehair granted the defendants' Motion for Continuance and for a Change of Venue without a hearing, and the motion was granted ex-parte.

10. On December 10, 1981, plaintiff submitted a motion to the court to set aside the ex-parte order for Change of Venue.

11. After a hearing on plaintiff's motion to set aside the ex-parte order for Change of Venue, the court of February 1, 1982:

    a. Set aside the ex-parte order of December 2, 1981;

    b. Recalled the case to Window Rock District Court from Shiprock District Court;

    c. Set a hearing on the defendant's previous motion for a Change of Venue and request and invited briefs from the parties on the question of proper venue.

## FINDINGS

1. Plaintiff is and has been a resident of Gallup, New Mexico before and after May 1977.

2. Defendant lived in Gallup, New Mexico up until the time of divorce was granted to the parties.

3. On August 9, 1979, when plaintiff first filed her complaint in Window Rock District Court defendant was a resident of the Navajo Indian Reservation residing within the Window Rock Judicial District and employed by the Tribal Division of Labor, Window Rock, Arizona.

4. In June, 1981 defendant moved to Fruitland, Navajo Nation (New Mexico) which is within the Shiprock Agency, and within the Shiprock Judicial District.

## OPINION

### WHETHER OR NOT WINDOW ROCK DISTRICT COURT IS THE PROPER VENUE TO HEAR THIS CASE

In order to properly analyze the issue, the court feels it should go to the very basic information and start there.

It is very important to distinquish "venue" from jurisdiction. The term may not be used synomously. While jurisdiction is the power and authority of the court to act, venue is the place where the power to adjudicate is to be exercised, that is the place where the case may be or should be heard. The requirements of jurisdiction are grounded in the state's inherent judicial power while requirements of venue are grounded in convenience to litigate. Venue is not a jurisdictional question but a procedural one. While jurisdiction can be either conferred

nor waived by the parties, venue can be waived; and objection that the plaintiff brought his suit in the wrong county may be waived by the failure of the defendant to make a timely objection. (77 Am.Jur.2d, United States Sec. 1, Venue).

The Constitutional provisions guaranteeing due process of law and equal protection of the laws do not require suits to be brought in the county of the defendant's residence, and it is within the power and discretion of the legislature to enact that all or particular classes of action may be brought in the county where the plaintiff resides or in the county where the cause of action arose, or at the place of the transaction out of which the cause of action arose (77 Am.Jur, United States Sec. 3, Venue).

The Navajo Tribal Council authorized the Judges of the Navajo Nation to adopt court rules under 7 NTC Sec. 601(a), which states:

> "A majority of the Judges of the Trial Court of the Navajo Tribe may adopt rules of pleading, practice, and procedure applicable to any or all proceedings in the trial court and the court of appeals of the Navajo Tribe..."

Utilizing the authority under 7 NTC Sec. 601(a), the Judges adopted the Navajo Court Rules, 3rd Edition 1978, including the Navajo Civil Rules of Procedures.

The Rules on venue is found at Rule 26, Navajo Rules of Civil Procedure which states:

> "An action shall be filed in the district in which any defendant resides or in which the cause of action arise. Official of the Navajo Nation may be such in any district.
>
> For the convenience of the parties and witnesses and in the interests of justice, the court may transfer an action to any other district court provided that the judge of the district consents."

Rule 7, Navajo Rules of Civil Procedure further states:

> "All motions attacking the jurisdiction of the court, for change of venue, or for change of judge shall be filed at least seven (7) days prior to the trial date."

Pursuant to Rule 26, Navajo Rules of Civil Procedure, the proper venue of a case would be (1) In the judicial district where the defendant resides or (2) In the judicial district where the cause of action arose. In a case where the defendant resides in one judicial district and the cause of action arose in another judicial district, the plaintiff would have an option as to which district to file his papers. The venue would be proper if plaintiff filed in the district where defendant resides or in the district where the cause of action arose. The word "shall" make this a mandatory rule i.e. it must be obeyed without

exception.

The second paragraph of Rule 26, Navajo Rules of Civil Procedure, grants discretion to the court to allow a change of venue if the convenience of the parties and witnesses and the interests of justice require it. The word "may" makes it a discretionary rather than mandatory. However in the instant case, defendant arguing that venue should be changed on the ground that Window Rock is the improper venue, he is not contending that venue be changed based on convenience.

Rule 9 of the Rules of Court defines the boundaries of the several district courts as follows:

Shiprock District Court:    Shiprock Agency
Window Rock District Court:    Fort Defiance Agency

"Agency" is defined as the Bureau of Indian Affairs' administrative units.

The original action was brought by plaintiff on August 9, 1979 against defendant in the Window Rock District Court for arrearage of child support and she obtained judgment on December 18, 1979 for a total of $4,056.25 plus interest thereafter at six percent. The order further directed defendant to pay child support in the sum of $280.00 per month promptly where due through the registry of this court, failing which he may be brought before this court and held in contempt. This court refers to the Window Rock District Court.

In October, 1981 plaintiff filed her petition for an Order to Show Cause in Window Rock District Court requesting the court to hold defendant in contempt for failure to pay the judgment for arrearage and failure to pay continuing child support.

On or about August 1979, defendant resided and worked in Window Rock, Navajo Nation (Arizona). Therefore Window Rock was the proper venue for the suit brought at that time. The subsequent contempt proceeding brought by plaintiff is not a new action but merely supplementary and ancillary to the previous action for child support, incidental to the original suit, and the court has continuing jurisdiction in this respect. See Atwood v. Atwood, 253 Minn. 185, 91 NW2d 728. In addition the express language used by the court in its Order of December 1979 clearly states that the court retains jurisdiction of the case.

Therefore Window Rock District Court is the proper venue for this action.

## CONCLUSION

Based on the foregoing discussion, this court concludes that Window Rock District Court is the proper venue for the above-entitled matter and will be heard in the Window Rock District Court.

## ORDER

The defendant's motion for a Change of Venue be and is hereby DENIED.