PER CURIAM.
The appellant-husband and the appellee-wife were divorced in 1952 by decree of the Circuit Court in and for the 11th Judicial Circuit of Florida. At that time they were both residents of Florida. The decree provided for weekly payments for the support of the two minor children of the parties. After the divorce the appellant moved to Mexico and the appellee to New York. Each party has remarried. The record indicates that appellant failed to regularly make the payments for support of his children despite many demands therefor.
The appellee, while a resident of New York State, brought a petition for rule to’ show cause in the Florida court. The appellant answered setting up defenses going to (1) the jurisdiction of the court over the parties; (2) waiver; and (3) estoppel. Affirmative relief was sought by way of reduction of both the amount due and future payments and transference of custody of the younger child. The court entered judgment for the arrearage and attorney’s fees. The appellant assigns error upon the denial of each of the defenses above enumerated and urges that the court should have further extended the time for the taking of depositions. We affirm.
*605 The question of the jurisdiction of the trial court to enforce its own decree for child support even though the parties have changed their residence has been settled in this State by the case of Kosch v. Kosch, Fla.1959, 113 So.2d 547. It was there held that such a proceeding is a continuation of the original one, and reasonable notice which affords an opportunity to defend is sufficient to give the court jurisdiction of the parties for the enforcement of the decree. It is specifically set forth in the Kosch case that such notice may be by mail.
The appellant has failed to demonstrate error under his remaining points.
Affirmed.