19654

Elizabeth Wellford BENNETT, Respondent, v. William Paul BENNETT, M.D., Appellant

(198 S. E. (2d) 114)

*Herbert W. Louthian, Esq.,* of *Louthian, Meeting & Merrit, P.A.,* Columbia, *for Appellant,*

*Messrs. Robinson, McFadden, Moore & Pope,* of Columbia, *for Respondent,*

July 10, 1973.

*Per Curiam:*

We are convinced that the order of the Circuit Court, as reported herewith, correctly disposes of the issue raised by

the appellant. The exception of the appellant is overruled and the judgment below is,

Affirmed.

## ORDER OF JUDGE SPRUILL

This matter is before the Court on the plaintiff's motion for summary judgment. . . . Counsel for both parties agreed that there is no dispute as to the facts involved and that the only question before the Court is one of law.

The plaintiff and defendant were formerly husband and wife. They were divorced by decree of the Circuit Court of McDowell County, West Virginia, in the year 1958. At that time this was the Court of their matrimonial domicile and the decree recites that Dr. Bennett, who was the defendant in the divorce action, was before the Court and was represented by counsel.

The 1958 decree dissolved the marriage between the parties, awarded custody of the two minor children of the marriage of the plaintiff, their mother, with reasonable visitation rights to the defendant, their father. It also provided that the plaintiff was to take nothing by way of alimony then or at any time in the future and it made provision for an attorney's fee for plaintiff's counsel. It further ordered that the defendant pay to the plaintiff each month, until further order of the Court, the sum of $350.00 for support, maintenance and education of the two minor children who were then of very tender age. The decree also contained the following provision:

"The Court retains jurisdiction of this cause and of each of the parties hereto in respect to the custody, care, maintenance and support of said infant children, and reserves full authority to enter herein such amended or other decree in respect thereto as to this Court seems just and expedient upon the petition of either party and reasonable notice to the other party given by any means provided by law in whatever jurisdiction such other party may be found."

The decree likewise contains the following provision:

"It is further ordered that this cause be omitted from the docket of this Court but subject to reinstatement at the request of the plaintiff or the defendant for further consideration of any matter affecting the custody, care, support, maintenance and education of the two aforesaid infant children."

Subsequent to the divorce of the parties, the defendant, Dr. Bennett, moved to Columbia, South Carolina, and established himself in medical practice. The plaintiff likewise moved from the State of West Virginia and she and the two minor children have been residents of Richmond, Virginia, for a number of years. By petition filed in the Circuit Court of McDowell County, West Virginia, in December, 1971, the plaintiff in this case petitioned the Court to reinstate the 1958 divorce action on its docket and to change, alter and revise the 1958 decree in certain particulars set out in the petition. The basis of this petition was that because of inflation and the advancing age of the two children and their impending need for college education, the plaintiff needed a greater sum for their support, maintenance and education.

On the basis of the plaintiff's petition, the Circuit Court for McDowell County issued its order on December 16, 1971, which directed that the petition be filed and that an attested true copy of the petition and the Court's order be served upon the petitioner's former husband, Dr. Bennett. The Court further set a hearing on the matter for February 11, 1972, and it likewise ordered that the petitioner should be permitted to make discovery of the defendant on the issue of his financial ability to pay support. The petition and order were duly served upon the defendant who thereafter, by his counsel, filed a special notice of appearance in contest of jurisdiction. In his special appearance, Dr. Bennett, through his attorney, set up the fact that he is a resident of Richland County, South Carolina, and that he is entitled to have his case heard in the Courts of Richland County and that the Circuit Court of McDowell County does not have jurisdiction over his person.

The defendant did not file answer to the interrogatories directed to him and he did not appear in person or by counsel on February 11, 1972, when the plaintiff's petition had been noticed for hearing by the Circuit Court for McDowell County. At such time the plaintiff appeared by her counsel and the Court made certain findings of fact. On the basis of these it overruled the defendant's contest of the jurisdiction of the Court and set the plaintiff's petition for hearing on March 30, 1972. The defendant, through his counsel, was given notice of this hearing to be held on March 30th, but he did not appear in person or by counsel. At such hearing the plaintiff and her two minor children appeared and testified and the Court issued its order increasing the monthly support payments from $350.00 to $500.00 with the provision that upon the entry of the daughter of the parties into college in September, 1972, an additional $100.00 per month should be paid and that a like increase should be made when the son of the parties entered college. The order further provided that the defendant should pay an attorney's fee of $750.00 to plaintiff's counsel.

From the pleadings and the statement of the parties there is no question but that the defendant has paid regularly the sum of $350.00 per month since the granting of the original divorce decree in 1958. He has not, however, paid the additional sum provided for in the order issued following the March 30 hearing and neither has he paid the attorney's fee there ordered. It is by reason of this fact that the plaintiff brought the current action in the Court of Common Pleas for Richland County to establish the order of the Circuit Court for McDowell County dated May 2, 1972, as a valid foreign judgment and to require the defendant to pay all arrearages due under this order and to elicit the assistance of this Court by appropriate equitable remedies in the enforcement of the order of May 2, 1972. The plaintiff likewise seeks to recover a reasonable fee for her attorneys for the bringing of the current action.

As noted above, the West Virginia Court in 1958 reserved jurisdiction to issue future orders concerning the support, maintenance and education of the parties. This

action was clearly in conformity with the provision of the West Virginia Code which are in evidence before the Court and, indeed, the defendant raises no question as to this matter. The following is quoted from the defendant's brief in opposition to the plaintiff's motion for summary judgment:

"The authority to modify alimony and support decrees because of subsequent changes in circumstances is granted to the courts in many states, including West Virginia and South Carolina, by statute. See, e. g., S. C. Code Ann. Section 20-115 (1962) and W. Va. Code Ann. Section 4715 (1961). The general rule apparently is that once a court obtains jurisdiction over the parties for the purposes of the original support decree, it retains jurisdiction for the purpose of subsequent modification of that decree. See 27B C.J.S. Divorce, Section 322(1) (1959). As a rule this jurisdiction over the parties and the subject decree is considered to be continuing and exclusive. See *Johnson v. Johnson,* 196 S. C. 474, 13 S. E. (2d) 593 (1941) and Annot., 62 A.L.R. (2d) 544 (1958).

"Modification of support and alimony decrees may operate both prospectively, as to future installments due, and retroactively, as to accrued unpaid installments. West Virginia permits only prospective modification, *Rakes v. Ferguson,* 147 W. Va. 660, 130 S. E. (2d) 102 (1963); South Carolina, on the other hand, permits retroactive modification as well. *Grossman v. Grossman,* 242 S. C. 298, 130 S. E. (2d) 850 (1963). In either event, it is necessary that the adverse party be given reasonable notification of the petitioned modification."

While the defendant does not question that the West Virginia Court, under West Virginia law, validly retained jurisdiction of him, he does argue that the modified decree of the Court of McDowell County, West Virginia, is not entitled to enforcement in the State of South Carolina under the Full Faith and Credit Clause of the Constitution of the United States.

\* \* \*

Plaintiff's counsel relies heavily on the case of *Johnson v. Johnson* which has been twice before the Supreme Court of South Carolina being reported in 194 S. C. 115, 8 S. E. (2d) 351, and 196 S. C. 474, 13 S. E. (2d) 593. The defendant's counsel, on the other hand, argues that *Grossman v. Grossman,* 242 S. C. 298, 130 S. E. (2d) 850, has impinged on the holding in Johnson and that Grossman dictates that his client is entitled to a hearing before the South Carolina Court before he can be required to make any support payments in excess of those ordered by the Circuit Court of McDowell County in 1958.

In the writer's opinion, Grossman is to be distinguished on the basis that the Ohio divorce decree providing alimony and support in that case gave a lump sum which was not broken down as between the divorced wife and the minor children. Long before the matter came before the South Carolina Court, the minors had reached adulthood. Despite this fact the plaintiff was seeking to collect as alimony the full amount which had been awarded as alimony and support. The holding in Grossman was to the effect that the South Carolina Court had jurisdiction to determine how the original allocation was to be broken down as to between alimony and child support. In the instant case, there is no question as to alimony. The provision in the 1958 decree and in the order of May 2, 1972, goes only to the support, maintenance and education of the two minor children of the parties. The writer reads Johnson and, indeed, Grossman as indicating that the modified order is entitled to enforcement on the basis of Full Faith and Credit and of Comity.

In the writer's opinion, this does not mean that Dr. Bennett cannot have a hearing in South Carolina, but it does dictate that the hearing available to him in South Carolina is of a much more limited extent than that which would have been possible had he chosen to appear before the Circuit Court of McDowell County on March 30, 1972, and to contest the application for an increase in child support on the ground of changed circumstances. Before the West Virginia Court he could have explored fully the question of

the need for increased support as well as his ability to pay a larger sum than the $350.00 per month which he has paid over the period of many years. Johnson would indicate that Mrs. Bennett is entitled to enforce the modified decree in South Carolina by those same means which would be available for enforcement if the decree had been entered originally by a Court in this State. However, when the aid of a Court of Equity is sought to enforce the decree by punishment for contempt, the defendant, just as would a party originally divorced in South Carolina, will have an opportunity to excuse his nonpayment by establishing circumstances which show impossibility or undue hardship. In other words, if Dr. Bennett, after he is ordered by this Court to abide by the order of the Circuit Court of McDowell County of May 2, 1972, should fail to pay the monthly payments and the attorney's fee therein provided, he could be cited by this Court for contempt. He would, however, be afforded the opportunity on his answer to the Rule to show that he was financially unable to pay or that the payment of the full sum required would impose an undue hardship upon him. He would not, however, be permitted at such hearing to show that the full sum ordered was not necessary for the two children. At any time he desires to make such a showing, he would, of course, be permitted to reopen the matter before the Circuit Court of McDowell County. Until that Court changes the sum to be paid, the order of May 2, 1972, is to be enforced in South Carolina. It can serve as the basis for a monetary judgment for the full amount to be paid under the order, but it cannot afford a basis for punishment for contempt until the defendant has had an opportunity for a hearing as indicated above.

As, in the writer's opinion, the plaintiff is entitled to have the order of the West Virginia Court recognized by this Court and to have the assistance of this Court in the enforcement of the aforesaid order.

It is ordered that the order of the Circuit Court of Mc-Dowell County, West Virginia, entered in Civil Action No.

7563, which is entitled *Elizabeth Wellford Bennett v. William Paul Bennett, M. D.*, and entered on May 2, 1972, is entitled to enforcement by this Court as a valid foreign judgment.

It is further ordered that said order may be enforced by appropriate equitable remedies such as are normally and customarily employed in similar cases in this State.

It is further ordered that the defendant shall pay all arrears now due and owing by him under the terms of said order.

It is further ordered that the defendant shall pay a reasonable fee to the plaintiff's attorneys for the prosecution of this action and, if the parties are unable to agree as to the amount of such fee, either party may make application for determination of the amount of such fee by a supplemental order of this Court.

It is further ordered that the defendant shall pay the costs of this action.