19705

Frances B. EVERHART, Respondent, v. Guy O. EVERHART,
Appellant

(200 S. E. (2d) 87)

*C. Alvin Brown, Esq.,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for Appellant,* cites:

*Messrs. Edmund H. Monteith* and *M. Carrington Salley,* of *Monteith, Monteith & Lydon,* Columbia, *for Respondent,* cite:

October 22, 1973.

LITTLEJOHN, Justice.

Frances B. Everhart (the wife) commenced this proceeding to collect past due payments of alimony and child support by causing a rule to show cause and petition to be served upon her former husband, Guy O. Everhart, personally in the State of Georgia, where he resides. The husband has appealed from an order denying his motion to quash service of the rule and petition.

In 1956 the wife brought an action in the Richland County Court for a divorce from her husband, who at that time was and still is, a resident of Georgia. The husband answered the complaint in the action and appeared at the trial before the master in equity. He recognized his obligation to his children and asked that a reasonable amount of support be determined by the court. Thereafter the court, upon recommendation of the master, granted the wife a divorce *a vinculo matrimonii* and directed the husband to pay her alimony and child support in accordance with an agreement made between the parties. In its divorce decree the court stated that it would "retain jurisdiction of this cause and the parties to this action for all purposes, including the issuance of such additional order or orders as may be necessary to enforce compliance herewith."

The rule to show cause and petition, personally served upon the husband in Georgia, required him to show cause why the wife should not be awarded judgment against him for the arrearage in payments in the sum of $26,696.00, and why he should not be held in contempt of the court's decree directing payment of alimony and child support.

The husband appeared specifically for the purpose of contesting the jurisdiction of the court and moved to quash service of the rule and petition upon the ground that he was not amenable to the process of the South Carolina court since he resides in the State of Georgia.

The issue presented here may be stated as follows: Where a trial court, having *in personam* jurisdiction of a defendant-husband in a suit for divorce, has entered an order requiring him to pay certain sums from time to time for alimony and child support, does that court have jurisdiction over the husband, a resident of another state, in a subsequent proceeding to enforce its order, pursuant to personal service of process upon him in such other state?

An application to enforce the alimony and support provisions of a divorce decree is not an independent proceeding nor the commencement of a new action. It is by nature a supplemental proceeding incidental to the original suit, and a trial court has a continuing jurisdiction in this respect. Whereas caution suggests that jurisdiction be specifically retained, as was done in the instant case, such jurisdiction continues without any reservation in the decree. *Kosch v. Kosch,* 113 So. (2d) 547 (Fla. 1959); *Atwood v. Atwood,* 253 Minn. 185, 91 N. W. (2d) 728 (1958); 24 Am. Jur. (2d) Divorce and Separation § 862 (1966). Additionally, this Court has specifically held that where a court of equity has assumed jurisdiction of a cause, it will retain such jurisdiction to dispose of all issues within the scope of the pleadings, including the granting of whatever auxiliary and supplementary relief may be required to render its judgment effective. *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873 (1956); *Holly Hill Lumber Co. v. McCoy,* 203 S. C. 59, 26 S. E. (2d) 175 (1943). Also of interest is our recent decision in *Bennett v. Bennett,* S. C., 198 S. E. (2d) 114 (1973).

This result does not contravene the husband's right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution. Where the proceeding is a continuation of the original action, and the parties have been properly brought within the jurisdiction of the trial court at the outset, due process is satisfied by giving the defaulting husband notice which is reasonably calculated to give him knowledge of the proceeding and an opportunity to be heard. *See Maner v. Maner,* 412 F. (2d) 449 (5th Cir. 1969). It has been held that service by mail upon a nonresident husband is sufficient. *Prensky v. Prensky,* 146 So. (2d) 604 (Fla. App. 1962). Certainly personal service satisfies this requirement.

The answer to, the husband's contention that the wife must proceed under the Uniform Reciprocal Enforcement of Support Act is found within the provisions of that act itself. South Carolina Code § 20-315 (1962) provides: "The remedies provided in this article are in addition to and not in substitution for any other remedies."

Affirmed.

Moss, C. J., and LEWIS and BRAILSFORD, JJ., concur.

BUSSEY, J., concurs in result.

BUSSEY, Justice (concurring in result):

As reflected in the majority opinion, the final decree of divorce in this case expressly retained jurisdiction of the appellant "for all purposes, including the issuance of such additional order or orders as may be necessary to enforce compliance herewith." The power of the court to thus retain personal jurisdiction of the appellant was not challenged by appeal from the divorce decree nor is such power of the court challenged in this proceeding.

As I understand the majority opinion, it purports to hold that jurisdiction of the person of this nonresident appellant, as well as jurisdiction of the cause, continued even without

any express reservation in the decree to that effect. Jurisdiction of the person having been expressly retained, without challenge, there simply is no issue before us as to what the situation would have been had not jurisdiction of the person been so expressly retained.

Despite some rather broad statements in legal texts, and some opinions about continuing jurisdiction in divorce cases, research indicates that the law is far from settled as to the extent, if any, to which the jurisdiction of the person of a nonresident party continues in the absence of an express provision in the decree, or a controlling statute as to the retention or regaining of jurisdiction of the person of such nonresident party. Under the circumstances, I would simply refrain from passing upon an issue, which I deem not properly before us, the decision thereof being unncessary to the disposition of this appeal.