0376

Janice R. VARAT, Appellant, v. James B. BRYANT, Jr., Respondent.

(325 S. E. (2d) 707)

Court of Appeals

*Jefferson V. Smith, Jr.,* of *Carter, Smith, Merriam & Rogers,* Greer, *for appellant.*

*Kenneth C. Porter* of *Porter & Rosenfeld,* Greenville, *for respondent.*

Heard Dec. 10, 1984.

Decided Jan. 29, 1985.

SANDERS, Chief Judge:

Janice R. Varat, former wife of James B. Bryant, Jr., initiated an action concerning, among other things, support for the parties' minor child and visitation with and religious indoctrination of the child. She appeals the family court order dismissing her petition, in part, with prejudice. We affirm.[1]

Several years after the parties' divorce, Ms. Varat served and filed her petition, basically seeking an increase in child support, a change in Mr. Bryant's visitation, additional medical expenses for the child, compliance with a previous court order on matters of life insurance and medical and dental expenses, and resolution of the issue of the child's religious indoctrination. Mr. Bryant's attorney answered and requested a time for the case to be heard. Four days before the scheduled hearing, Ms. Varat's attorney contacted the Family Court directly and advised that he might be involved in a federal trial on the date of the hearing. According to the Family Court Judge, the attorney was advised that if his federal trial was concluded by the date of the hearing, pro ceedings would go forward; if not, a continuance would be granted. Counsel's formal motion for a continuance was filed but not served and was never scheduled to be heard.

Ms. Varat did not appear at the hearing, nor was any reason given for her absence, "... other than she was out of town." Her attorney had concluded his federal trial and was present. He orally moved for a continuance, asserting that when he had previously contacted the Family Court he had requested a continuance not only on the ground of his possible involvement in a federal trial, but also on the ground that

---

[1] Consolidated with the appeal is Ms. Varat's appeal from the family court order settling the record on appeal. Ms. Varat is represented on appeal by different counsel than represented her in the Family Court. She has made several appendices part of the Transcript of Record pursuant to Rule 1, § 3(F) of the Supreme Court Rules of Practice. We decline to consider these appendices because they contain disputed facts, references to matters which occurred after this appeal was perfected and irrelevant material not at issue here.

his client needed more than the scheduled one hour to present her case. However, he also stated:

> When I got the notice that I would be in federal court, I got the three Family Court cases I had scheduled and put them together and said, get them continued and get me more time on the Varat case. If the request for more time was not there, it is my oversight and my responsibility.

In addition, Ms. Varat's attorney argued that the hearing was scheduled on the seventeenth day after the date of his client's petition, and he was not given a full twenty days to conduct needed discovery. Mr. Bryant's attorney countered that immediate notices of the hearing date were sent to both Ms. Varat and opposing counsel, some fourteen and eleven days, respectively, before the hearing. He argued that there was no twenty-day limitation, and the matter could be heard anytime after the issues were joined.

The Family Court Judge stated that Ms. Varat's attorney requested a continuance only on the basis of his federal trial. He further stated that either party could have the hearing set. The judge dismissed Ms. Varat's petition, with prejudice, except as to the issue of the child's religious indoctrination.

Ms. Varat argues the Family Court Judge abused his discretion in denying her motion for a continuance where there allegedly was a need for the development of issues related to the best interest of the child.

> Motions for continuance are addressed to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent an abuse of that discretion. *Bridwell v. Bridwell, 279 S. C. 111, 302 S. E. (2d) 856 (1983).*

> We find no abuse of discretion by the Family Court Judge in denying the continuance here. Ms. Varat and her attorney both had notice of the scheduled hearing. Ms. Varat chose not to appear. Her attorney had completed his federal trial and was present. Contrary to their further argument on appeal, the judge's dismissal does not operate as *res judicata* to foreclose the rights of the minor child. Ms. Varat is not precluded by the order of dismissal from bringing future actions based on changes of circumstances. She can also proceed in the future to seek enforcement of the previous order.

Neither do we find any merit in Ms. Varat's argument that the hearing should not have been scheduled until twenty days after the date of her petition. At the time of this action, Rule 7 of the Rules of Practice for the Family Courts granted a respondent twenty days in which to serve an answer or counterclaim upon a petitioner. It bestowed no rights upon a petitioner to have a waiting period of twenty days before a case could be heard.[2]

Accordingly, the order of the Family Court is

Affirmed.

SHAW and BELL, JJ., concur.

---

[2] Rule 7 was revised, effective October 1, 1982, to allow respondent thirty days to serve an answer or counterclaim.