1314

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent v. Shirley RICHARDSON, James E. Knox and Jerry Townsend, of whom Jerry Townsend is Appellant. In re James Emanuel KNOX, Andre Tareen Graham and Audrey Marie Graham, minor children. Appeal of Jerry TOWNSEND.

(378 S. E. (2d) 601)

Court of Appeals

*Richard J. Dolce,* West Columbia, *for appellant.*

*Asst. Gen. Counsel Tana G. Vanderbilt,* of *South Carolina Dept. of Social Services,* Columbia, *for respondent.*

*Guardians ad litem: Mills F. Nunn,* West Columbia, and *Paul A. Meding,* Columbia.

Heard Feb. 16, 1989.

Decided March 8, 1989.

*Per Curiam:*

Respondent South Carolina Department of Social Services petitioned the Family Court to terminate the parental rights of Shirley Richardson and James E. Knox, as to their two sons, and the parental rights of Shirley Richardson and Appellant Jerry Townsend, as to their daughter. Mr. Townsend alone appeals the order of the Family Court granting the petition of the Department. We affirm.

"On appeal from the family court on the issue of termination of parental rights, this court may review the record and

make its own finding whether clear and convincing evidence supports termination." *South Carolina Dep't of Social Servs. v. O'Banner*, 291 S. C. 253, 254, 353 S. E. (2d) 151, 151 (Ct. App. 1987).

Mr. Townsend is in prison in Florida, having been sentenced in July 1980 to a mandatory twenty-five to fifty years for the crimes of murder in the first degree, murder in the second degree, sexual battery, and threatening to use a deadly weapon. His daughter was born February 18, 1976. He lived with her and her mother for the first two years of the child's life but has seen his daughter only once since that time. As of the date of the hearing, he had not seen her at all in more than seven years. After his arrest in 1979, the child lived in Florida with Mr. Townsend's sister and mother for one and a half or two years, until her mother took her away. The child has been in the custody of the Department of Social Services since 1983 when she and her two half-brothers were removed from the home of their mother and placed in a foster home. At the time of the hearing, the children had been living in the foster home for a total of about four years. The testimony of a social worker indicates the foster parents wish to adopt the three children. Mr. Townsend wants his daughter to be cared for by his sister and mother.

The Family Court terminated the parental rights of Mr. Townsend finding statutory grounds and that termination is in the best interests of the child. Mr. Townsend does not take exception to the finding of statutory grounds for termination of his parental rights.[1] Consequently, it is unnecessary for us to consider whether the

---

[1] The Family Court terminated the parental rights of Mr. Townsend on the statutory grounds of wilful failure to visit and to support. Had these issues been preserved on appeal, we would, nevertheless, find clear and convincing evidence to support at least one ground for termination, that of wilful failure to visit for a period of at least six months. *See* Section 20-7-1572(3), Code of Laws of South Carolina, 1976 (setting out the grounds for termination of parental rights). Mr. Townsend has not visited his daughter in more than seven years, during which time he has been imprisoned in Florida. There is no evidence that he ever attempted to locate or to contact his daughter during this time. *See Hamby v. Hamby*, 264 S. C. 614, 618, 216 S. E. (2d) 536, 538 (1975) (affirmed finding of abandonment where father "not only failed to indicate parental care, but voluntarily pursued a course of lawlessness which resulted in his imprisonment and inability to perform his parental duties").

Court erred in this regard. *See South Carolina Dep't of Social Servs. v. The Father and Mother*, 294 S. C. 518, 524 n. 22, 366 S. E. (2d) 40, 43 n. 22 (Ct. App. 1988) ("An issue not raised by an exception will not be considered on appeal."). Mr. Townsend does, however, take exception to the finding that termination is in the best interests of the child, arguing lack of clear and convincing evidence to support this finding.

In a termination of parental rights case, the best interests of the children are the paramount consideration. *South Carolina Dep't of Social Servs. v. Vanderhorst*, 287 S. C. 554, 340 S. E. (2d) 149 (1986); *see* Section 20-7-1578, Code of Laws of South Carolina, 1976 ("[The termination of parental rights statutes] must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship. The interests of the child shall prevail if the child's interest and the parental rights conflict.").

The Department determined that it would be in the best interests of the children to keep them together. A social worker testified the children are "very attached to one another" and "their stability [comes] from each other." Another social worker testified the children are "very close emotionally to each other. . . . [T]he bond there is very close, particularly now that they've been in the same home these many years." The Department communicated with Mr. Townsend's sister in Florida, by telephone and by letter, and asked if she would be willing to have all three children come live with her. She responded that she could not or would not take the two boys, to whom she is not related, but that she would take her niece. The Florida Department of Social Services ultimately did not recommend that Mr. Townsend's daughter be placed with his sister.

We find, from our own review of the record, clear and convincing evidence supporting termination of Mr. Townsend's parental rights. Such termination is clearly in the best interest of his daughter who is now in a stable, supportive environment where she would be eligible for adoption. *See* Section 20-7-1560 ("The purpose of the [termination of parental rights statutes] is to establish procedures for the reasonable and compassionate termination of parental

rights where children are abused, neglected, or abandoned in order to protect the health and welfare of such children and make them eligible for adoption by persons who will provide a suitable home environment and the love and care necessary for a happy, healthful, and productive life.").

Mr. Townsend also argues that, because the Family Court excluded evidence concerning the relationships of his sister and mother with his daughter, and because neither the Department nor the guardian ad litem for the child made any real effort to discover the nature of these relationships, the Court could not have considered the best interests of the child in terminating his parental rights. (The excluded evidence consists of tape-recorded testimony of Mr. Townsend's sister and mother.) The Family Court excluded the testimony on the ground it is irrelevant to termination of his parental rights.

Neither Mr. Townsend's sister nor his mother are parties to this action. Neither has petitioned to intervene seeking placement or custody of the child. Furthermore, there is no evidence that either has seen the child since, at the latest, 1983. "The trial judge has a large discretion in the determination of the relevancy of evidence, and his decision to either admit or reject evidence will not be disturbed on appeal unless there is an abuse of such discretion amounting to an error of law to the prejudice of the appellant's rights." *Crowley v. Spivey*, 285 S. C. 397, 410, 329 S. E. (2d) 774, 782 (Ct. App. 1985). Under the circumstances, the Family Court did not abuse its discretion in excluding, as irrelevant, testimony concerning the relationships of Mr. Townsend's sister and mother with the child.

For these reasons, the order of the Family Court is

Affirmed.