1523

ORANGEBURG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent v. Norma HARLEY and Michael Cummings, Defendants, of whom Norma Harley is Appellant.

(393 S.E. (2d) 597)

Court of Appeals

*Lewis C. Lanier,* of *Horger, Horger, Nance & Lanier,* Orangeburg, *for appellant.*

*Tana G. Vanderbilt,* of *S.C. Dept. of Social Services,* Columbia, *for respondent.*

*Barney M. Houser,* of *Williams & Houser,* Orangeburg, *for defendant Cummings.*

*Ladson H. Beach, Jr.,* Orangeburg, *for the Guardian ad Litem.*

Submitted March 26, 1990.

Decided May 3, 1990.

*Per Curiam:*

The Orangeburg County Department of Social Services (DSS) petitioned the Family Court for, among other things, termination of Norma Harley's parental rights to her two minor children, Michael Christopher Cummings and Cherrell Cummings. The Family Court ordered the parental rights terminated, and Ms. Harley appeals. We affirm.

"On appeal from the family court on the issue of termination of parental rights, this court may review the record and make its own finding whether clear and convincing evidence supports termination." *South Carolina Dept. of Social Servs. v. Richardson,* 298 S.C. 130, 131-132, 378 S.E. (2d) 601, 602 (Ct. App. 1989).

The Family Court based its order terminating parental rights on S.C. Code Ann. Section 20-7-1572(6) (1976 as amended), which provides, in pertinent part:

The Family Court may order the termination of parental rights upon a finding of one or more of the following grounds:

. . . . .

(6) The parent has a diagnosable condition unlikely to change within a reasonable time such as . . . mental deficiency, [or] mental illness . . ., and the condition makes the parent unlikely to provide minimally acceptable care of the child.

We find that termination of the parental rights in this case is supported by clear and convincing evidence. Clay Terry Drummond, a licensed clinical psychologist who evaluated Ms. Harley in 1983 and 1987, testified that Ms. Harley is not competent to parent because, due to her low mental status, she has difficulty even caring for herself, and is not likely to improve in the future. Betsy Abraham, a counselor with the Department of Mental Health, performed a "psycho-social assessment" on Ms. Harley, and found Ms. Harley was very immature, displayed poor impulse control, had a low frustration level and had difficulty responding to simple statements and directions. Two DSS caseworkers testified Ms. Harley has not maintained a stable residence (twelve different homes in a little over two years), Ms. Harley cannot manage her own finances (DSS is payee for her disability benefits), and Ms. Harley has difficulty following simple instructions including instructions on parenting skills. The childrens' court-appointed guardian ad litem recommended termination of Ms. Harley's parental rights. From our careful review of the record we are convinced that there is an abundance of clear and convincing evidence to support the Family Court's order terminating Ms. Harley's parental rights.

Ms. Harley argues the Family Court erred in finding that DSS provided reasonable services and made reasonable efforts to assist Ms. Harley in being able to provide minimally acceptable care for the children. S.C. Code Section 20-7-1572(2) does require an agency which removes a

child who was abused or neglected to make a reasonable and meaningful effort to offer appropriate rehabilitative services before pursuing termination of parental rights. However, that section is irrelevant where, as here, the Family Court terminates parental rights pursuant to Section 20-7-1572(6). *South Carolina Dept. of Social Services v. Humphreys*, 297 S.C. 118, 374 S.E. (2d) 922 (Ct. App. 1988). Accordingly, Ms. Harley has not demonstrated she was prejudiced by any error in this finding by the Family Court.

Ms. Harley argues she did not receive adequate notice of the hearing, considering her limited mental capacity.

Ms. Harley did not raise at trial any issue as to the sufficiency of notice, and may not do so on appeal. *McCoy v. McCoy*, 283 S.C. 383, 323 S.E. (2d) 517 (1984). Furthermore, the record demonstrates that Ms. Harley was personally served, and a guardian ad litem representing her interest and Ms. Harley's attorney appeared at the hearing. We find the notice in this case satisfied due process, as it was reasonably calculated to give Ms. Harley knowledge of the proceeding and an opportunity to be heard. *Everhart v. Everhart*, 261 S.C. 322, 200 S.E. (2d) 87 (1973).

Finally Ms. Harley argues the Family Court erred in denying her attorney's motion for a continuance. The denial of this motion was within the sound discretion of the trial judge, and we find no abuse of discretion in view of the fact that Ms. Harley and her attorney had sufficient notice of the hearing. *Varat v. Bryant*, 284 S.C. 289, 325 S.E. (2d) 707 (Ct. App. 1985).

For these reasons, the order of the Family Court is

Affirmed.