THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 v.
 Georgia B., Willie R., Marcus B., and B. R., DOB: 03/09/02  D. B., DOB: 12/22/00, Defendants, of whom Willie R. is Appellant.
 
 
 

Appeal From Aiken County
 Dale Moore Gable, Family Court Judge

Unpublished Opinion No. 2007-UP-044
Submitted December 1, 2006  Filed January 24, 2007

AFFIRMED

 
 
 
 Amy Patterson Shumpert and Clarke W. McCants, III, both of Aiken, for Appellant.
 Dennis M. Gmerek, of Aiken, for Respondent.
 
 
 

PER CURIAM: Willie R. (Father) appeals the termination of his parental rights (TPR) to B.R. (Child).  Georgia B. (Mother) was also a defendant in the underlying TPR action but does not join in this appeal.  Specifically, Father contends the family court erred in granting TPR because the South Carolina Department of Social Services (DSS) failed to prove by clear and convincing evidence that Father did not remedy the conditions which caused the removal of Child, and the court improperly allowed evidence regarding Mothers criminal history and prior involvement with DSS.[1]  We affirm.[2]
FACTS
In February 2003, DSS initiated an investigation surrounding the care of Child.  At the time of DSSs investigation, Father was in prison for driving under suspension and Mother was the sole caregiver for Child; Mother and Father (collectively, Parents) have never been married.  DSS determined Child had been abandoned and subjected to physical neglect.  DSS removed Child from Mothers care and placed Child in foster care.    
In April 2003, DSS and Parents entered into a consent order for removal which placed custody of Child with DSS.  In addition, the order approved a treatment plan for Parents.  Father was ordered to: (1) successfully complete parenting classes; (2) successfully complete an alcohol/drug treatment program; (3) complete a psychological evaluation; (4) visit his daughter regularly; and (5) provide financial support for his daughter.  In addition, Father was instructed to obtain and maintain safe housing and employment for at least six consecutive months.    
Initially, Father made steady progress under the treatment plan.   Specifically, Father completed parenting classes, completed a psychological evaluation, obtained housing, obtained employment, and enrolled in an alcohol/drug treatment program.  However, Father only submitted to fifteen out of twenty-seven requested drug screens and tested positive for alcohol on one test.    
In October 2003, prior to a Judicial Review hearing, DSS and Parents entered into another consent order.  The consent order amended Fathers treatment plan to require Father to: (1) refrain from the use of alcohol; and (2) develop a specific plan for transportation of [Child] to and from medical appointments and therapy sessions.  The order also provided that all adults living in Fathers home must submit to drug screens and background checks.   
In February 2004, the family court issued an order granting a six month extension for reunification to allow Parents to work on their treatment plans.  The order provides [i]t is clearly not in [Childs] best interests for SCDSS to initiate termination of parental rights at this time because [Parents] have made some progress towards removing risk of harm to [Child].  However, the order also notes Father has yet to provide a plan for transportation of Child to her medical appointments, to maintain a stable home, or to secure adequate housing for Child.  In addition, the order notes concerns about Fathers alcohol environment.  The order amends the treatment plan to require Father to submit to drug screens three times a week.       
In June 2004, the family court held a permanency planning hearing.  The court found Father has not provided drug screens as requested and has not been able to provide transportation for [Child] for her therapy appointments.  Therefore, the Court held Child should not be returned to Father because it would cause an unreasonable risk of harm to childs life, physical health or safety, or mental well-being . . . .  The court authorized DSS to pursue TPR.     
DSS initiated the present TPR action in August 2004, and a TPR hearing was held in September 2005.  At trial, DSS presented testimony Father did not appear for all of his drug screenings, Father only attended four of Childs weekly therapy sessions in over two years, and Child has been in Foster care for about thirty (30) months.  In addition, witnesses testified Child suffered from Fetal Alcohol Syndrome and was developmentally delayed but was making tremendous progress at her therapy sessions.  Also, over objection, DSS introduced testimony regarding the termination of Mothers parental rights as to three other children and Mothers criminal record.    
On September 23, 2005, the family court issued an order terminating Fathers parental rights on the grounds that: (1) Child has lived outside of the home for a period of at least six (6) months; (2) Father failed to remedy the conditions which caused the removal of Child or to rehabilitate; (3) Child has been in foster care for fifteen of the last twenty-two months; and (4) Father failed to supply Child with the appropriate health care and it is unlikely that the home can be made safe within twelve months.  In addition, the court found TPR was in Childs best interest.  This appeal followed.     
STANDARD OF REVIEW
In a TPR case, the best interest of the child is the paramount consideration.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  The interests of the child shall prevail if the childs interest and the parental rights conflict.  S.C. Code Ann. § 20-7-1578 (Supp. 2005).  Before parental rights can be forever terminated, the alleged grounds for the termination must be proven by clear and convincing evidence.  S.C. Dept. of Social Services v. Headden, 354 S.C. 602, 608-09, 582 S.E.2d 419, 423 (2003).  
On appeal, this court may review the record and make its own determination whether the grounds for termination are supported by clear and convincing evidence.  S.C. Dept. of Social Services v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001).  Despite this broad scope of review, however, we are not required to disregard the findings of the family court, and we note the family court is in a better position to evaluate the credibility of the witnesses and assign weight to their testimony.  Hooper v. Rockwell, 334 S.C. 281, 297, 513 S.E.2d 358, 367 (1999).
LAW/ANALYSIS
I.  Remedy Conditions Causing Removal
Father argues the family court erred in granting TPR because DSS failed to prove by clear and convincing evidence Father has not remedied the conditions which caused the removal of Child.  We affirm on other grounds.  
Pursuant to section 20-7-1572 of the South Carolina Code (Supp. 2005), the family court may terminate parental rights upon finding at least one of eleven statutory grounds has been met and that termination is in the best interest of the child.  The paramount consideration in a TPR case is the best interests of the child or children.  S.C. Dept. of Social Services v. Richardson, 298 S.C. 130, 133, 378 S.E.2d 601, 603 (Ct. App. 1989).    
The record indicates statutory grounds for termination exist.  Section 20-7-1572(8) of the South Carolina Code (Supp. 2005) allows for TPR when the child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months.  On February 26, 2003, Child was taken into protective custody.  In April of 2003, Parents signed a consent order to place custody of Child with DSS, and the hearing to terminate Fathers parental rights was held in September of 2005.  Child had been the responsibility of the state for the entire duration of this process.  The family court found that at the time of the termination hearing, Child had been in foster care for thirty-two consecutive months.
The evidence also demonstrates the termination of Fathers parental rights is in the best interests of Child.  Childs foster mother intends to adopt Child and has demonstrated the ability to provide quality care for Child.  Moreover, paramount to Childs successful development is both the Childs and her parents attendance at Childs weekly therapy sessions.  The foster mother has demonstrated a commitment and ability to attend Childs sessions, whereas Father has only attended four sessions in over two years.  Father even testified, I wouldnt have a job if I visited [Child] every week.  Finally, the guardian ad litem, Childs therapist, and DSS case workers all opined the termination of Fathers parental rights is in Childs best interest.    
Father does not appeal from the family courts finding concerning the duration of foster care, and we find this to be an independent grounds upon which his parental rights may be terminated.  See Doe v. Baby Boy Roe, 353 S.C. 576, 581, 578 S.E.2d 733, 736 (Ct. App. 2003) (holding that parental rights can be terminated once a child has languished in foster care for fifteen out of the last twenty-two months and the family court finds termination is in the childs best interest).  We find the family courts decision to terminate Fathers parental rights on the grounds that Child was in foster care under the responsibility of the State for fifteen of the most recent twenty-two months was in the best interest of Child.  Therefore, we affirm the termination and need not address the merits of Fathers remediation argument.  
II.  Admission of Evidence 
Father next contends the family court erred in allowing testimony regarding the termination of Mothers parental rights to three other children and Mothers prior convictions.  We disagree. 
Generally, all relevant evidence is admissible.  Rule 402, SCRE; Moore v. Moore, 360 S.C. 241, 258, 599 S.E.2d 467, 476 (Ct. App. 2004).  However, relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice.  Rule 403, SCRE; Moore, 360 S.C. at 258, 599 S.E.2d at 476.        
The admission of evidence is within the trial courts discretion.  Gamble v. Intl Paper Realty Corp. of S.C., 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996).  The courts ruling to admit or exclude evidence will only be reversed if it constitutes a clear abuse of discretion.  Id.  An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support. Vaught v. A.O. Hardee & Sons, Inc.,  366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005). 
The family court did not commit an abuse of discretion in allowing testimony about either the termination of Mothers parental rights to three other children or Mothers past convictions.  Father and Mother were living together at the time of the TPR hearing.  Therefore, Mothers recurring problems with the law and her recurring problems with childcare are certainly relevant in determining whether Childs best interests are served by remaining with her foster mother or moving in with Father.  In addition, Father is not unfairly prejudiced by the introduction of this evidence because the evidence is highly relevant.  Therefore, the family court did not err in allowing testimony regarding either Mothers prior involvement with DSS or Mothers prior convictions.  
CONCLUSION
Based on the foregoing, the family court did not err in terminating Fathers parental rights to Child.  The decision of the family court is accordingly 
AFFIRMED. 
HEARN, C.J., BEATTY, and SHORT, JJ., concur.

[1] The underlying action involved the termination of Mothers parental rights to another of her minor children unrelated to Father.  The orders throughout this action involve both minor children.  However, because the present appeal only involves Fathers rights to Child, any reference to Mothers other child is omitted. 
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.