**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jessica Stokes, Bruce Walters, Anthony Dudley, and
John Doe, Defendants,

Of Whom Bruce Walters is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-000223

Appeal From Darlington County
Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2015-UP-518
Heard October 20, 2015 – Filed November 5, 2015

**AFFIRMED**

Phillips Lancaster McWilliams, of Nelson Mullins Riley
& Scarborough, LLP, of Columbia; and Cody Tarlton
Mitchell, of Lucas Warr & White, of Hartsville, for
Appellant.

Delton W. Powers, Jr., of Powers Law Firm, PC, of Bennettsville, for Respondent.

Robbie Forrester Gardner, III, of Rob F. Gardner, III, PC, of Hartsville, for the Guardian ad Litem.

---

**PER CURIAM:** The Department of Social Services (DSS) brought this termination of parental rights (TPR) action against Bruce Walters (Father). The family court terminated Father's parental rights to his minor son (Child), and Father appealed. We affirm.

When Child was born in January 2013, he tested positive for opiates, amphetamines, and benzodiazepines. Father was incarcerated at that time, and Child's mother listed another man as the father on the birth certificate. However, a paternity test later excluded that man as Child's father.

In an April 2014 permanency planning order, the family court noted Father had been named as Child's father and ordered paternity testing. DSS filed this TPR action on June 19, 2014, and the family court held a hearing on September 9, 2014. At that time, DSS had not conducted the paternity test on Father. Because Father had requested paternity testing in his responsive pleadings, the family court scheduled a paternity test for September 17, 2014, and continued the TPR hearing.

The family court held the final TPR hearing on November 20, 2014. During the hearing, the DSS caseworker testified DSS received the results of the paternity test concluding Father was Child's father two or three weeks before the TPR hearing. Father asserted he learned the results of the paternity test the morning of the hearing. After hearing testimony from DSS and Father and reviewing the report of the guardian ad litem, the family court determined clear and convincing evidence supported TPR because (1) Father did not remedy the conditions causing removal, (2) Father willfully failed to visit Child, (3) Father willfully failed to support Child, and (4) Child was in foster care for fifteen of the most recent twenty-two months. Additionally, the family court determined TPR was in Child's best interest.

On appeal, Father argues (1) the family court violated due process by terminating his parental rights, (2) clear and convincing evidence does not support the statutory grounds for TPR, and (3) clear and convincing evidence does not show TPR was in Child's best interest.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

We find Father's argument that TPR violated his due process rights is not preserved. "It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review." *Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) (quoting *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000)). In his brief, Father argued for the first time that TPR violated his substantive due process rights. Because this issue was not raised to the family court, it is not preserved. *See id.* at 104-05, 627 S.E.2d at 775 (finding the father's argument that TPR violated his due process rights was not preserved when it was not raised to or ruled upon by the family court).

Additionally, we find clear and convincing evidence supports TPR because Child was in foster care for fifteen of the most recent twenty-two months. *See* S.C. Code Ann. § 63-7-2570(8) (Supp. 2014) (stating a statutory ground for TPR exists when a "child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"). It is undisputed that at the time of the TPR hearing Child had been in foster care for nearly twenty-three months—his entire life. While we agree DSS was dilatory in conducting the paternity test, we do not believe DSS's delay in conducting the paternity test caused the delay in Father's reunification with Child. Rather, we find the delay in reunification was caused by Father's inability to provide a home for Child during his incarceration. *See Charleston Cty. Dep't of Soc. Servs. v. Marccuci*, 396 S.C. 218, 22, 721 S.E.2d 768, 773 (2011) ("Where there is 'substantial evidence that much of the delay . . . is attributable to the acts of others,' a parent's rights should not be terminated based solely on the fact that the child has spent greater than fifteen months in foster care." (alteration in *Marccuci*) (quoting *S.C. Dep't of Soc. Servs. v. Cochran*, 356 S.C. 413, 420, 589 S.E.2d 753, 756 (2003) (Pleicones, J., concurring))); *see also S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("The family court must find that severance is in the best interests of the child, and that the delay in reunification of the family unit is attributable not to

mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). Thus, we find clear and convincing evidence supports this ground for TPR.

We find DSS did not prove the remaining grounds for TPR by clear and convincing evidence. However, subsection (8)—standing alone—is sufficient to terminate parental rights when doing so is in the child's best interest. *See Jackson*, 368 S.C. at 91, 101-02, 627 S.E.2d at 767-68, 773 (rejecting the incarcerated father's argument that this statutory ground should not apply under the facts of the case; noting the policy underlying this statutory ground is to prevent children from languishing in foster care when TPR would be in their best interests); *S.C. Dep't of Soc. Servs. v. Sims*, 359 S.C. 601, 608, 598 S.E.2d 303, 307 (Ct. App. 2004) ("A finding pursuant to [subsection (8)] alone is sufficient to support [TPR].").

Finally, we find TPR is in Child's best interest. In a TPR case, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The [interest] of the [child] shall prevail if the [child's] interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50. Here, Child has never met Father and therefore does not have a meaningful bond with him. Further, at the time of the TPR hearing Child had been placed in a pre-adoptive family with his siblings. *See S.C. Dep't of Soc. Servs. v. Richardson*, 298 S.C. 130, 132-33, 378 S.E.2d 601, 602-03 (finding TPR was in the child's best interest in part because DSS testified the child was placed in a pre-adoptive home with siblings that she was very bonded with). Father is still incarcerated, and his current release date from prison is September 28, 2016; thus, Father cannot provide a suitable home for Child for the foreseeable future. Viewed from Child's perspective, we find TPR is in Child's best interest.

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**