**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Benita Dinkins-Robinson, Appellant,

v.

Alan Ratner, Respondent.

Appellate Case No. 2019-000131

―――――――――――

Appeal From Lee County
Kristi F. Curtis, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2023-UP-094
Submitted February 1, 2023 – Filed March 15, 2023

―――――――――――

**AFFIRMED**

―――――――――――

Benita Dinkins-Robinson, of Camden, pro se.

Stephen Bryan Doby, of Jennings & Jennings, PA, of Bishopville, for Respondent.

―――――――――――

**PER CURIAM:**  Benita Dinkins-Robinson appeals the circuit court's dismissal of her complaint.  On appeal, Robinson argues the circuit court erred in (1) failing to allow her sufficient legal representation, (2) dismissing the case and failing to provide her with due process, (3) failing to grant her motion to reconsider, and (4) allowing Ratner's counsel to continue as counsel.  We affirm.

First, we hold the trial court did not abuse its discretion by denying Robinson's motion for continuance because Robinson failed to file a notice of appearance with the circuit court indicating she was represented by counsel. *See Varat v. Bryant*, 284 S.C. 289, 291, 325 S.E.2d 707, 709 (Ct. App. 1985) ("Motions for continuance are addressed to the sound discretion of the trial [court], and [its] ruling will not be disturbed on appeal absent an abuse of that discretion."); *Purex Corp. v. Walker*, 278 S.C. 388, 390, 296 S.E.2d 868, 869 (1982) ("Whether a judge does or does not abuse his discretion depends upon the facts before him at the time."); Rule 11(b), SCRCP ("Written notice of change of attorney must be served as provided by Rule 5."); Rule 5(d), SCRCP ("All papers required to be served upon a party. . . shall be filed with the court within five (5) days after service thereof.").

Second, we hold the record on appeal is insufficient for this court to decide whether Robinson was denied due process in the prior foreclosure action because the record contains no evidence supporting her claims of a due process violation. *See Germain v. Nichol*, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) ("Appellant has the burden of providing this Court with a sufficient record upon which this Court can make its decision."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal.").

Third, we hold the record on appeal is insufficient for this court to decide whether the circuit court erred in denying Robinson's motion to reconsider because the record contains no evidence showing that Robinson filed or the circuit court ruled upon a motion to reconsider. *See Germain*, 278 S.C. at 509, 299 S.E.2d at 335 ("Appellant has the burden of providing this Court with a sufficient record upon which this Court can make its decision."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal.").

Fourth, we hold that Robinson's argument is not preserved for appeal because the circuit court did not rule upon her allegations of a conflict of interest. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court."); *Pelican Bldg. Centers of Horry-Georgetown, Inc. v. Dutton*, 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993) ("[W]here an issue has not been ruled upon by the trial judge nor raised in a post-trial motion, such issue may not be considered on appeal.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.